United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10839

_____

LAMONT REESE,

Petitioner-Appellant,

versus

DOUG DRETKE, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(4:03-CV-359-A)

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lamont Reese requests a certificate of appealability in order to appeal the federal district court's denial of habeas relief. Reese was convicted by a jury and sentenced to death for murdering Anthony Roney, Riki Jackson, and Alonzo Stewart during the same criminal transaction. The Texas Court of Criminal Appeals affirmed

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Reese's conviction and sentence on November 6, 2002.[1]  Reese's subsequent petition for certiorari review was denied by the Supreme Court on June 15, 2003.[2]

Reese filed an application for writ of habeas corpus in the trial court.  The trial court entered findings of fact and conclusions of law that were ultimately adopted by the Court of Criminal Appeals in its written opinion denying Reese's request for habeas relief.[3]  The instant federal habeas proceeding followed.

Reese brings two issues:

Issue One:

Whether the Texas death penalty statute and the imposition of the death penalty upon the petitioner, who is a mentally retarded person, is unconstitutional under *Atkins v. Virginia*, the Eighth and Fourteenth Amendments of the United States Constitution and Section 19 of Article 1 of the Texas Constitution in that it would be cruel and unusual punishment.

Issue Two:

Whether the statute under which petitioner was sentenced to death is unconstitutional in violation of the due process requirements of the Fourteenth Amendment because it places the burden of proving

---

[1] *Reese v. State*, No. 73,989 (Tex. Crim. App. 2002).

[2] *Reese v. Texas*, 123 S.Ct. 2581 (2003).

[3] *Ex Parte Reese*, No. 55,443-01 (Tex. Crim. App. April 30, 2003).

the mitigation special issue on petitioner rather than requiring a jury finding against petitioner on that issue beyond a reasonable doubt.

The first issue, to the extent it complains of any failure of the State of Texas to construct procedural tracks for *Atkins*, is meritless. Whatever the State's obligation, Reese's retardation was rejected with abundant record support by the state habeas judge with findings adopted by the Texas Court of Criminal Appeals. There is no colorable showing here of retardation.

The second issue apparently attempts to launch an *Apprendi-Ring* argument against Texas's interrogatory submissions. This argument is also flawed. The jury convicted Reese of capital murder, here multiple murders in a single transaction. The contention that mitigating factors are an element of the offense within the meaning of *Apprendi* is meritless. The conviction of the capital crime for which all elements were submitted to the jury for a decision beyond a reasonable doubt exposed Reese to the death penalty. Mitigation issues guide the jury in tailoring an appropriate punishment – the individualized decision.

Judge McBryde filed a carefully drawn memorandum order, rejecting numerous contentions by Reese, including the two Reese presents to us. We refuse to issue a certificate of appealability for essentially the reasons stated in his opinion.

The application for certificate of appealability is DENIED.