RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0474p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOHN R. HICKS,

        *Plaintiff-Intervenor-Appellant,*

    *v.*

ROBERT TAFT, Governor, et al.,

        *Defendants-Appellees.*

No. 05-4489

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 04-01156—Gregory L. Frost, District Judge.

Submitted: November 28, 2005

Decided and Filed: December 15, 2005

Before: SILER, DAUGHTREY, and CLAY, Circuit Judges.

---

## OPINION

---

SILER, Circuit Judge. This case comes to us on an emergency motion for a stay of execution pending appeal, filed on November 23, 2005. We have, by separate order, denied the request for an order staying execution by lethal injection.

We previously denied the writ of habeas corpus in *Hicks v. Collins*, 384 F.3d 204 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 2260 (2005). The Supreme Court denied a rehearing on August 1, 2005, *Hicks v. Collins*, 126 S. Ct. 13 (2005). On October 5, 2005, the Supreme Court of Ohio ordered that Hicks be executed on November 29, 2005. It is on the eve of this execution date that the district court granted Hicks's petition to intervene in the companion case of *Cooey v. Taft*, a suit under 42 U.S.C. §1983, claiming that execution by the lethal injection protocol in Ohio is unconstitutional. Although the district court granted the motion to intervene by Hicks in that case, it denied the request for a stay of execution, holding that the motion, although filed within the statute of limitations, came too late for relief.

Our reasoning for the denial of the request for a stay is based in part upon the findings of the district court and also upon the decision in *Dennis v. Taft*, No. 04-4184 (6th Cir. October 7, 2004). The circumstances in this case are similar to those in *Dennis*, except that Dennis filed his complaint under 42 U.S.C. § 1983 on June 10, 2004, prior to his execution date of October 13, 2004, which is a much longer interval of time than we have in this case. Dennis also intervened in the *Cooey* case in the district court. In *Dennis*, we held that "the district court did not abuse its discretion in holding that Dennis failed to demonstrate a likelihood of success on the merits." We further held that "Dennis failed to demonstrate that he will suffer irreparable injury absent a change of the Ohio

1

execution protocol." Without adopting or rejecting the conclusion in *Dennis* that there is a failure to demonstrate a likelihood of success on the merits, we nevertheless find that the district court in this case did not abuse its discretion in weighing the criteria for the granting of a stay or a restraining order  and denying the relief requested, primarily because the motion was untimely. *See  Nelson v. Campbell*, 124 S. Ct. 2117, 2126 (2004) (holding that "a court may consider the last minute nature of an application to stay execution in deciding whether to grant equitable relief.") (citing *Gomez v. United States District Court for the Northern District of Cal.*, 503 U.S. 653 (1992)).

The request for a stay of execution is DENIED.