**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0441n.06
Filed: June 24, 2006

**No. 06-5816**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SEDLEY ALLEY, | ) | |
| | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Middle |
| GEORGE LITTLE, et al., | ) | District of Tennessee |
| | ) | |
| *Defendants-Appellees*. | ) | |

**Before:**     **BOGGS, Chief Judge; RYAN and BATCHELDER, Circuit Judges**.

**BOGGS, Chief Judge.**  We **AFFIRM** the district court's grant of the defendants' motion to dismiss Sedley Alley's challenge to Tennessee's lethal injection protocol pursuant to 42 U.S.C. § 1983.  Order, June 14, 2006, Case No. 3:06-0340.

The Supreme Court has recently furnished relevant guidance.  In Hill v. McDonough, No. 05-8794, 543 U.S. ___ (2006), 2006 WL 1584710 (U.S. June 12, 2006) (slip op.), the Court held unanimously that death row inmates may sue under § 1983 to enjoin the state's use of the prevailing lethal injection protocol on the grounds that it allegedly amounts to cruel and unusual punishment in violation of the Eighth Amendment.

1

Justice Kennedy's opinion also held that "[f]iling an action that can proceed under § 1983 does not entitle the complainant to an order staying an execution as a matter of course. Both the State and the victims of crime have an important interest in the timely enforcement of a sentence." (Hill at 9) (slip op.) (citing Calderon v. Thompson, 523 U.S. 538, 556 (1998). The Court added, perhaps by way of emphasis, that its "conclusions today do not diminish that interest, nor do they deprive federal courts of the means to protect it." Ibid. The opinion further acknowledged the "State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." Ibid. (citing Nelson v. Campbell, 541 U.S. 637, 649-50 (2004)).

The Court noted that federal courts weighing petitioners' §1983 challenges to lethal injection should continue to consider various features of a filing when locating the proper balance of equities. These include "a showing of a significant possibility of success on the merits" and the timeliness of the appeal. Timeliness is particularly relevant when an appeal is brought in the strongly disfavored circumstance in which its full consideration would necessitate a stay of execution. Id. at 10 (citing Barefoot v. Estelle, 463 U.S. 880, 895-96 (1983) and Nelson, 541 U.S. at 650).

The Court took note of two cases, one from this circuit, in which "federal courts have invoked their equitable powers to dismiss suits they saw as speculative or filed too late in the day." Ibid. In Hicks v. Taft, 431 F.3d 916 (6th Cir. 2005), we ruled that a last-minute petition by a death row inmate, filed six days before his scheduled execution, did not warrant a stay of the execution even though the district court had permitted him to intervene in a fellow inmate's § 1983 challenge to the constitutionality of Ohio's lethal injection protocol. We held the "district court . . . did not abuse its discretion in weighing the criteria for the granting of a stay . . . and denying the relief requested, primarily because the motion was untimely." (citing Nelson, 541 U.S. at 649, and

quoting the phrase "a court may consider the last minute nature of an application to stay execution in deciding whether to grant equitable relief"). In White v. Johnson, 429 F.3d 572 (5th Cir. 2005), the Fifth Circuit affirmed the dismissal of a condemned's "last-minute" § 1983 challenge to Texas's lethal injection protocol on the grounds that it was "dilatory." Justice Kennedy wrote the "federal courts can and should protect States from dilatory or speculative suits . . . ." Hill at 10.

It is perhaps for this reason that the Supreme Court, though it possesses the power to do so, has not, in the days following its ruling in Hill, stayed all executions in the United States pending the further litigation of the many petitioners nationwide who have filed § 1983 challenges to the nearly identical lethal injection protocol used by virtually all death penalty states.

In the brief interval since Hill, the Fifth Circuit decided a case with a procedural history quite similar to ours. Lamont Reese was sentenced to death in Texas state court in 2000. After exhausting his available state remedies, he sought relief in federal court. The Fifth Circuit denied his application for a COA in May 2004. *See* Reese v. Dretke, No. 03-10839 (5th Cir. 2004) The Supreme Court denied certiorari on October 18, 2004. Reese v. Dretke, 543 U.S. 944 (2004) Reese filed a § 1983 challenge to Texas's lethal injection protocol on May 25, 2006, less than one month before his scheduled execution on June 20th. (This is comparable to the chronology in our case: Alley filed his § 1983 action on April 11, 2006, five weeks before his originally scheduled execution date of May 17th.) In considering Reese's petition, the Fifth Circuit cited Hill for the proposition that "a plaintiff cannot wait until a stay must be granted to enable it [sic] to develop facts and take the case to trial–not when there is no satisfactory explanation for the delay." Reese v. Livingston, 2006 WL 1681090, *2 (5th Cir., June 20, 2006). The court denied Reese's request for a stay of execution during the pendency of his § 1983 challenge to the lethal injection protocol. The United

3

States Supreme Court, acting also on June 20th, likewise denied a stay and denied Reese's petition for a writ of certiorari. Reese was executed the same day.

In our case, the district court's ruling of June 14th appears to have interpreted one of our court's quite recent opinions in the matter of Sedley Alley as standing for the proposition that "[t]he law of the Sixth Circuit is that unnecessary delay warrants dismissal, and that this case was unnecessarily delayed." Order, June 14, 2006, Case No. 3:06-0340, at 3 (citing <u>Alley v. Bell</u>, 2006 WL 1313365 at *6). We do not read the district court's opinion, nor or own opinion, as demanding that a tardily filed action under § 1983 be dismissed. Indeed, we think the district court more accurately evoked the full sense of the same opinion when it wrote, only a few lines earlier, that our "panel based its determination [to vacate the district court's injunction] on, among other things, 'the small likelihood of Alley's success on the merits' and the 'unnecessary delay' with which . . . the plaintiff had challenged the protocol." Order, June 14, 2006, Case No. 3:06-0340, at 2-3 (citing and quoting <u>Alley v. Bell</u>, 2006 WL 1313365 at *3). Close reading of our opinion reveals that our ruling was not based solely on the untimeliness of Alley's § 1983 petition. As we wrote:

> Even considering the countervailing interests of Alley and the state, the small likelihood of Alley's success on the merits ultimately decides the matter. That likelihood, such as it exists at all, is unsupported by current law, which offers no basis for finding lethal injection protocols unconstitutional. Moreover, since the Supreme Court is not even considering the constitutionality of the lethal injection protocol in <u>Hill</u>, the prospect of a change in that feature of existing jurisprudence is as speculative as any other claim about possible future changes in governing law. Such speculation does not impact our assessment as to the likelihood of Alley's success on the merits under existing law.

<u>Alley v. Bell</u>, 2006 WL 1313365 at *3.

The point here is that, as the Supreme Court has instructed in <u>Hill</u> and <u>Nelson</u>, as we have indicated in <u>Hicks</u>, and as the Fifth Circuit explained in <u>Reese</u>, the timeliness of a petitioner's filing

4

is an important–but is not the only important–consideration when a federal court determines the appropriate method of disposing of a death row inmate's § 1983 challenge to lethal injection.

To be sure, the district court's reliance on the untimeliness of Alley's petition was neither wrong nor inadequate to support its ruling of June 14th. Alley's filing was very late in coming.

Alley's brief cites Stewart v. Martinez-Villareal, 523 U.S. 637 (1998) as prohibiting courts from considering challenges such as the one in our case before a petitioner's execution reaches imminence. We reject this reading of this precedent. In that case, unlike in ours, the defendant's claim under Ford v. Wainwright, 477 U.S. 399 (1986), had originally been dismissed without prejudice. The Supreme Court's ruling merely allowed the claim to proceed in a habeas petition at a later date. The Court noted that the lower courts had specifically left open the possibility that the defendant's Ford claim could proceed in a future filing. Id. at 640. No such procedural history informs the posture of the § 1983 claim in our case. Moreover, we note that claims involving mental competency are inherently different from the § 1983 petition before us in at least one respect: mental competency is subject to variance over time. It is indeed possible that last-minute first-instance Ford petitions could be justified by a change in a defendant's mental health.

Extreme untimeliness is a sufficient but not necessarily compelling factor when deciding how to dispose of a § 1983 challenge to lethal injection. While reaffirming our view of the very small likelihood of Alley's success on the merits, we **AFFIRM** the district court's ruling of June 14, 2006, based as it was on the untimeliness of Alley's petition.