*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0211p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

SEDLEY ALLEY,

    *Plaintiff-Appellant,*

    *v.*

No. 06-5816

GEORGE LITTLE, in his official capacity as
Tennessee's Commissioner of Corrections, et al.,
    *Defendants-Appellees.*

---

Filed: June 27, 2006

Before: BOGGS, Chief Judge; MARTIN, BATCHELDER, DAUGHTREY, MOORE, COLE, CLAY, GILMAN, ROGERS, SUTTON, COOK, McKEAGUE, and GRIFFIN, Circuit Judges.[*]

---

**AMENDED ORDER**

---

The court having received a petition for rehearing en banc of the decision issued June 24, 2006, and the petition having been circulated to all non-recused active judges of this court, less than a majority of whom favored the suggestion,

It is **ORDERED** that the petition be and hereby is denied. The mandate shall issue forthwith.

---

[*] Judge Gibbons recused herself from participation in this ruling.

BOYCE F. MARTIN, JR., Circuit Judge, with whom DAUGHTREY, MOORE, COLE, and CLAY, Circuit Judges, join, dissenting from the denial of rehearing en banc.

I.

Sedley Alley seeks to enjoin the state of Tennessee from executing him through its lethal injection procedure, which he alleges will cause him to experience "the terrorizing and excruciating experience of suffocation without the ability to move or to express the pain and suffering which he is experiencing," and "extreme and excruciating pain" throughout the nerve fibers of his venous system, all without providing him sufficient anesthesia to prevent him from feeling this pain. Compl. ¶¶ 56, 68-69. According to Alley, Tennessee has prohibited using one of the chemicals involved in the lethal injection protocol to euthanize animals. *Id.* ¶ 81 (citing Tenn. Code Ann. 44-17-303(c)). In addition to these allegations, the district court found that Alley "provided an adequate showing on the merits of his Eighth and Fourteenth Amendment claims" through his provision of "expert testimony that the current lethal injection protocol causes excruciating deaths." D. Ct. Op., Case No. 3:06-cv-00340, at 6 (M.D. Tenn. May 11, 2006). If Alley's allegations prove true, he will have presented a meritorious claim that the state's lethal injunction procedure violates the Eighth Amendment's prohibition of cruel and unusual punishment.

Despite the grave implications of cruel and unusual punishment raised in Alley's claim, a panel of this court reversed the district court's stay of his execution. In subsequently ruling on the state's still pending motion to dismiss, the district court read the panel's rebuke of its earlier decision to be so complete that it felt compelled to grant the state's motion to dismiss based on the panel opinion. *Compare Alley v. Little*, No 3:06-0340, 2006 U.S. Dist. LEXIS 32319, at *10 (M.D. Tenn. May 11, 2006) (stating that given Alley's promptness in filing, "it would be strange jurisprudence to dismiss this action for 'undue delay.'") *with Alley v. Little*, No. 3:06-0340 (M.D. Tenn. June 14, 2006) (finding that "[a]lthough this court remains concerned about the interaction between a robust application of the 'unnecessary delay doctrine and traditional concepts of ripeness in the death penalty context, . . . [t]he law of the Sixth Circuit is that . . . this case was unnecessarily delayed."). Now in its latest opinion, that same panel has affirmed the district court's dismissal of the case, despite the fact that since its last decision, the Supreme Court has unanimously determined that a death row inmate can challenge the method of his execution under 28 U.S.C. § 1983, just as Alley seeks to do. *Hill v. McDonough,* S.Ct. No. 05-8794, 2006 U.S. LEXIS 4674 (U.S., June 12, 2006). I would reverse the panel's decision, not only because Alley presents claims that create serious concerns about Tennessee's lethal injection protocol, but because I believe the panel's determinations that Alley has little likelihood of success on the merits and that he was dilatory in filing his complaint are simply incorrect.

II.

Last month, on May 11, 2006, the district court found that a stay of Alley's execution was appropriate to preserve the status quo until the issuance of the Supreme Court's then pending decision in *Hill*, and also found support for the stay based on the traditional four factor analysis for granting a preliminary injunction. In reversing the stay, the panel presumed that Alley could bring a section 1983 claim, and ruled that even if he was able to challenge the lethal injection protocol, the district court abused its discretion by staying the execution. In addition to stating that the pendency of *Hill* did not require a stay because it would be unclear whether Alley could bring a successful challenge even if he could proceed under section 1983, the panel summarily rejected the district court's analysis of the four factors relevant to the issuance of a preliminary injunction. The panel's reasoning was that existing law "offers no basis for finding lethal injunction protocols unconstitutional." I was joined by four colleagues in dissenting from this Court's denial of rehearing en banc. *Alley v. Little*, No. 06-5650, 2004 Fed. App. 0164P (6th Cir. May 16, 2006). In its recent ruling in question here, the panel stands by this erroneous determination.

I believe that the panel's conclusion that Alley has little likelihood of succeeding on the merits is wrong. Despite the panel's suggestion, it is not necessary that Alley rely on prior cases finding the lethal injection protocol to be cruel and unusual punishment. If this was the primary relevant inquiry, as the panel opinions suggest, no challenge to a method of execution would ever go forward, no matter how indifferent a state became to the pain and suffering inflicted by the process, simply because nobody else has successfully challenged the procedure before. Rather, in order to ultimately prevail, Alley needs to prove that Tennessee's current protocol amounts to cruel and unusual punishment based on "the evolving standards of decency that mark the progress of a maturing society." *Roper v. Simmons*, 543 U.S. 551, 561 (2005).

As the district court initially found, Alley has made more than a sufficient showing here to establish a likelihood of success on his Eighth Amendment claim. Indeed, the fact that Tennessee allows a chemical to be used in executing humans that it prohibits for use in euthanizing animals suggests that the state's own evolving standards of decency find its procedure offensive. Moreover, Alley has introduced evidence that Tennessee's most recently executed prisoner consciously suffered excruciating pain during his execution by lethal injection. D. Ct. Record, R. 11, Affidavit of David Lubarsky, filed April 14, 2006. The panel has ignored these facts altogether in both of its opinions.

The district court's findings on this issue, and its discretion to preserve the status quo were entirely ignored by the initial panel decision. *See Mascio v. Public Emples. Retirement Sys.*, 160 F.3d 310, 312 (6th Cir. 1998) ("The granting of a preliminary injunction is subject to appellate review under an 'abuse of discretion' standard. The injunction will seldom be disturbed unless the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard."). The panel decision did not find any erroneous findings of fact, improper application of governing law, or use of erroneous legal standards by the district court, but instead substituted its judgment for the district court's, in contravention of this Court's precedent. *See id*. The current panel decision similarly relies on its determination that Alley is not likely to succeed in his challenge, in addition to its finding of unnecessary delay, based on the simple observation that no federal court has found lethal injection to be cruel and unusual punishment. This fact is largely irrelevant, and ignores Alley's troubling allegations and actual likelihood of success. The panel's conclusion to the contrary should not support either its reversal of the stay or the dismissal of Alley's case.

### III.

Both panel opinions determined that Alley delayed in filing the present action and found this to be a basis for reversing the stay and dismissing the case. In its prior opinion, however, the district court explicitly found that Alley acted promptly and in good faith, given the procedural posture of his pending legal challenges and the timing of the state's determination of his execution protocol. In light of the panel's initial opinion, however, the district court noted in its subsequent opinion that

> [a]lthough this court remains concerned about the interaction between a robust application of the 'unnecessary delay' doctrine and traditional concepts of ripeness in the death penalty context, it is not the function of this court to address such concerns, but rather to apply the law of the Sixth Circuit. The law of the Sixth Circuit is that unnecessary delay warrants dismissal, and that this case was unnecessarily delayed.

*Alley v. Little*, No. 3:06-0340 (M.D. Tenn. June 14, 2006).

No. 06-5816          *Alley v. Little, et al.*                                                              Page 4

I do not believe that Alley delayed unnecessarily in bringing his challenge to the lethal injection protocol. Perhaps most significantly, in this circuit, until the Supreme Court's ruling in *Hill*, Alley could not have even brought his present challenge under section 1983, as this Court's precedent would have deemed it a subsequent habeas petition. *See In re Sapp*, 118 F.3d 460, 464 (6th Cir. 1997) (holding that "a challenge to a method of execution, whatever denominated (Rule 60(b), § 1983, or otherwise) is to be treated as a habeas petition." (internal citation omitted)). Thus it was only the decision in *Hill* that made Alley's challenge possible, and by filing before that decision was even issued and seeking a stay to await its result, he showed an eagerness to litigate his claim as soon as possible, rather than delaying it. Given that *Sapp* prevented Alley from filing suit until two weeks ago, it is difficult to comprehend how Alley could be viewed as dilatory in filing the present action. *Cf. Nelson v. Campbell*, 541 U.S. 637, 650 (2004) (stating that "there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.") As a matter of this Court's prior precedent Alley simply could not have brought his claim before *Sapp* was reversed by *Hill*. Because he could not have brought this suit any sooner, there is no basis to dismiss it for unnecessary delay.

Alley also argues that his claim was not ripe until the date was set for his execution, citing *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998). The recent panel opinion distinguishes *Martinez-Villareal* on the basis that the challenge in that case involved the petitioner's mental competence to be executed, and such a challenge necessarily is unripe until execution is imminent. A challenge to the method of execution, on the other hand, becomes ripe at the earlier time when the method of execution is determined. In some cases, for example in states with a single method of execution, this could be a meaningful distinction. Based on Tennessee's death penalty protocol, however, the condemned prisoner is asked to choose how he will be executed, and lethal injection is selected if he refuses to make a choice. Alley refused to express a preference, and lethal injection was selected by default. Only at the point when he was approached about the method of execution, on April 19, 2006, and refused to make a choice, did Alley know with certainty that he would be executed by lethal injection. Because the method of execution was only firmly determined shortly before the execution was scheduled to occur, Alley had a valid reason for filing the present action after that determination was conclusively made.

The initial panel reasoned that Alley could have presumed he would be executed by lethal injection, as it is the default method, and that his claim would have been ripe sooner than he argues. At a minimum, however, the choice offered by Tennessee creates some confusion as to when a method of execution is determined. Had Alley attempted to challenge his method of execution before the method had been chosen, or before he had even been presented with the choice under the state's procedure, his challenge would clearly have faced issues of ripeness. If federal precedent does not clearly establish that this claim would have been unripe, it at least contributes confusion on the point. *See, e.g., Beardslee v. Woodford*, 395 F.3d 1064, 1069 (9th Cir. 2005) ("To date, we have not resolved the question of when challenges to execution methods are ripe. . . We have suggested that a constitutional challenge to an execution method becomes ripe when the method is chosen. However, because the execution protocol is subject to change, [plaintiff] argues that his challenge to the protocol, as opposed to a generic challenge to the statutorily specified method, did not become ripe until his execution was imminent as described in *Martinez-Villareal*. We need not, and do not resolve this question.").

Further, upon learning of his execution date, Alley immediately sought information about the protocol to be used, and upon learning of the execution protocol, promptly expressed his objections to the procedure with the state commissioner. *Alley v. Little*, No 3:06-0340, 2006 U.S. Dist. LEXIS 32319, at *10 (M.D. Tenn. May 11, 2006). When the commissioner did not respond, Alley filed this lawsuit in short order. *Id*. The district court noted his promptness in its initial grant of the stay of execution. *Id*. (noting that "it would be strange jurisprudence to dismiss this action for 'undue delay'").

Even if a court might have found Alley's claim to be ripe had he filed it before the state determined his method of execution, this is not dispositive of the question of undue delay. The basis for dismissing a legal challenge for undue delay is the equitable principle of discouraging a plaintiff from manipulative tactics. *See Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004). This doctrine does not require that Alley show that his claim would have absolutely been determined unripe as a matter of law had he filed it prior to the official designation of his method of execution. Rather the ripeness inquiry is relevant to explain whether he had a good faith reason to file the suit when he did and that the timing did not involve any "abusive delay, which has been compounded by last-minute attempts to manipulate the judicial process." *Id*. Given the *possibility* that an earlier claim might have been determined to be unripe, combined with the fact that Alley did not know with certainty how he would be executed until April 19, 2006, his filing of the suit shortly thereafterward cannot said to be manipulative, abusive, dilatory, or in bad faith.

The recent panel opinion suggests that the Fifth Circuit's decision in *Reese v. Livingston* supports its conclusion here that Alley's claim was filed too late in the day. 2006 U.S. App. LEXIS 15166 (5th Cir. 2006). Although *Reese* does involve the rejection of a stay of execution in a section 1983 challenge to a method of execution after *Hill*, the opinion in *Reese* provides no description of the timing involved in the filing of the challenge. *Id*. *Reese* provides no guidance whatsoever for finding that Alley's challenge was delayed unnecessarily, as there is no way to compare the issues surrounding the timing of the filing in each case. Although the Supreme Court did state in *Hill* that "federal courts can and should protect States from dilatory or speculative suits," 2006 U.S. LEXIS 4674, at *22, the record here shows that Alley was anything but dilatory in bringing his claim, and this rule does not provide a basis for dismissal here.

IV.

Along with four colleagues, I expressed concern in my earlier dissent from denial of rehearing en banc in this case about the inconsistent granting of stays of execution to allow challenges to the lethal injection procedures, and the resulting arbitrariness added to the administration of the death penalty. *Alley v. Little*, No. 06-5650, 2004 Fed. App. 0164P (6th Cir. May 16, 2006). By making it clear in *Hill* that challenges to the method of execution can be brought under section 1983, the Supreme Court has taken an initial step towards consistency and clarity in this area that not only is required as a matter of fairness, but to protect the principles of the Eighth Amendment.

This Court has an opportunity to follow the Supreme Court's lead and to ensure that executions within our jurisdiction do not involve cruel and unusual punishment by allowing Alley's challenge to go forward. *See also Gomez v. United States Dist. Court*, 503 U.S. 653, 659 (1992) (Stevens, J., dissenting) ("[I]f execution by cyanide gas is in fact unconstitutional, then the State lacks the power to impose such punishment. [The inmate's] delay, even if unjustified, cannot endow the State with the authority to violate the Constitution."). Alley raises troubling allegations about the suffering involved in death by lethal injection, and should be allowed his day in court, particularly given that he has presented his legal challenge as promptly as he reasonably could have. The panel's attempt to short-circuit his claim through the misapplication of a principle of equity does a disservice to the Constitution and its prohibition of cruel and unusual punishment, in addition to

being incorrect.  I believe that Alley has not delayed unnecessarily in filing suit, and has presented a sufficient likelihood of success on the merits to warrant a stay of his execution.  I would thus vote for rehearing en banc to reverse the decision of both panel opinions, and remand the case to the district court.

RONALD LEE GILMAN, Circuit Judge, with whom R. GUY COLE, JR., Circuit Judge, joins, dissenting from the denial of rehearing en banc. The panel affirms the district court's dismissal of Alley's challenge to the lethal injection protocol. In so doing, it revisits its reasons for vacating the preliminary injunction and the stay of execution. Two primary reasons are articulated in support the panel's analysis: (1) Alley unnecessarily delayed his challenge, and (2) there is a small likelihood of success on the merits. Because I believe that the panel improperly weighed these two factors, I favor rehearing en banc.

First, Alley argues that he did not unduly delay in bringing his challenge to the lethal injection protocol. The propriety of his delay cannot even he assessed, he contends, until we determine when his claim first could have been filed. This requires an Article III ripeness analysis, which the panel failed to perform.

The panel relies on the fact that Alley was originally scheduled for execution in 2004 and that he failed to bring his challenge then, thus evincing undue delay. It is true that the Tennessee Supreme Court on January 14, 2004 set an execution date of June 3, 2004. This date was not altered until May 19, 2004, when the district court stayed the matter for a determination of whether Alley's Rule 60(b) motion constituted a habeas petition. The panel says that Alley should have challenged the lethal injection protocol during this four-month period prior to the stay.

But in order to have a ripe claim regarding the lethal injection protocol, Alley argues, *two* events must have taken place: (1) the execution date must be set, and (2) the warden must have presented Alley with the choice of the method of execution, and Alley must have made the choice of lethal injection (as opposed to electrocution, the other method available in Tennessee). In 2004, Alley argues that only the first of these events came to pass. I find nothing in the record that contradicts Alley's claim. Without having been presented with this choice and without having elected lethal injection, any suit brought in the four-month period prior to the stay challenging the lethal injection protocol would have been thrown out on ripeness grounds. This being the case, I believe the panel unjustly faulted Alley for failing to file his challenge sooner.

Turning to Alley's argument as to the likelihood of success on the merits, I agree with the panel that current law does not compel the conclusion that Tennessee's lethal injection protocol is unconstitutional. At the same time, however, there is an affidavit from an expert in this case demonstrating that the lethal cocktail that is to be administered to Alley is insufficient to completely anesthetize him, producing a "reasonably high chance of suffering a cruel and inhumane death." This evidence makes success on the merits at least a possibility—albeit not a foregone conclusion—and not "as speculative as any other claim about possible future changes in governing law," as the panel concluded.

In light of the panel's (1) failure to address the Article III ripeness concerns present in Alley's case, and (2) failure to properly weight the expert's affidavit as to Alley's likelihood of success on the merits, I would grant rehearing en banc.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk