United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

REVISED JUNE 26, 2006

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-70026

LAMONT REESE,

Plaintiff-Appellant,

versus

BRAD LIVINGSTON; NATHANIEL QUARTERMAN,
Director, Texas Department of Criminal Justice,
Correctional Institutions Division;
CHARLES O'REILLY, Senior Warden, Huntsville
Unit, Huntsville, Texas; UNKNOWN EXECUTIONERS,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Proceeding under 42 U.S.C. § 1983, Lamont Reese seeks a stay
of his execution scheduled for June 20, 2006. He attacks the
method of execution by injection as administered in Texas as cruel
and unusual punishment under the Eighth Amendment. The suit does
not challenge the conviction or sentence of death.

I

On December 8, 2000, following his conviction for capital
murder in the 371st Judicial District Court of Tarrant County,
Texas, Reese was sentenced to death. The Texas Court of Criminal
Appeals affirmed his judgment and sentence. *Reese v. State*, No.

23,989 (Tex. Crim. App. Nov. 6, 2002), *cert. denied*, *Reese v. State*, 123 S. Ct. 2581 (2003). Reese filed a state petition for habeas corpus on July 16, 2002, and a supplemental application on January 31, 2003. The Texas Court of Criminal Appeals denied the petition. *Ex Parte Reese*, Nos. 55,443-01 and 55,443-02 (Tex. Crim. App. Apr. 30, 2003). Turning to the federal courts, Reese's application for COA was denied by this Court on May 4, 2004. *See Reese v. Dretke*, No. 03-10839 (5th Cir. 2004) (unpublished), and the Supreme Court denied certiorari on October 18, 2004. *Reese v. Dretke*, 543 U.S. 944 (2004). Proceeding under 42 U.S.C. § 1983, this suit was filed in the United States District Court, Northern District of Texas, on May 25, 2006.

II

Reese seeks relief under 42 U.S.C. § 1983 from two claimed violations from threatened injuries. First, Reese requests "a permanent injunction prohibiting Defendants from injecting him with three chemicals that (1) unnecessarily increase the risk of torture during the execution; and (2) are superfluous and wholly unnecessary to effect lethal injection. Second, [Reese] requests that this Court enter an injunction prohibiting Defendants from utilizing any invasive medical procedures to gain venous access for the lethal injection, at least until and unless he is made aware under what circumstances and standards those procedures will occur and those standards are sufficient to protect [his] medical needs."

2

III

The challenge to the chemical formulation used in the execution, as well as a cut down procedure used to reach veins not otherwise reachable, are the same as put forward in other cases -- that persons are subjected to the high risk of unnecessary and extreme pain and entail procedures that done at all ought be done only by trained medical personnel. We will not pause to repeat them.

IV

As for Hill's request for a stay, the State responds that the request is untimely and should be denied, pointing to decisions of the Supreme Court in *Hill v. McDonough*, No. 05-8794 (June 12, 2006), and *Nelson v. Campbell*, 541 U.S. 637 (2003), as well as the decisions of this court in *Harris v. Johnson*, 376 F.3d 414 (5th Cir. 2004), and *White v. Johnson*, 429 F.3d 572 (5th Cir. 2005). Reese contends that *Harris* and *White* have been undermined by the Supreme Court's decision in *Hill*.

We disagree. The question in *Hill* was whether a similar challenge "must be brought by an action for a writ of habeas corpus . . . or whether it may proceed as an action for relief under 42 U.S.C. § 1983." *Hill*, at *3. *Hill* was not focused on the timing of the filing, the question we face here. Even when properly brought under § 1983, the Court did not retreat from the requirements for obtaining a stay, stating that "inmates seeking

3

time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Hill*, at *8. Further, the Court emphasized that "[t]he federal courts can and should protect States from dilatory or speculative suits . . . ." *Id.*

Moreover, it is significant that, while not passing on the particular determination, the Court cited our decision in *White v. Johnson*, 429 F.3d 572 (5th Cir. 2005), as one of "a number of federal courts [that] have invoked their equitable powers to dismiss suits . . . filed too late in the day." *Id.* at *8. There, we dismissed White's similar challenge, filed several years after his conviction became final on direct review, because he could have brought the claim much earlier. *See, e.g.*, *Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006) ("A challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review."). Here, Reese's conviction became final in 2003, once the Texas Court of Criminal Appeals affirmed his conviction and sentence and the Supreme Court denied certiorari. *See Reese v. State*, No. 23,989 (Tex. Crim. App. Nov. 6, 2002), *cert. denied*, *Reese v. State*, 123 S. Ct. 2581 (2003). Reese's late claim is no different than the late claim in *White*, and we are not persuaded that *Hill* has undermined the decisions of

this Court insisting upon a timely filing or that until *Hill* the suit could not have been brought.

Further, the Court in *Hill* insisted that "[a] court considering a stay must also apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" *Hill* at *8. Timely filing would have afforded opportunity for developing facts and considered resolution of the merits of the repeated charges being leveled against this method of execution. Testimony in open court can cast away shadows and allow a principled decision of the merit of the assertions of all concerned -- rather than forcing courts to choose between speculative assertions and "just trust me" responses. As we read *Hill*, a plaintiff cannot wait until a stay must be granted to enable it to develop facts and take the case to trial -- not when there is no satisfactory explanation for the delay. We find this suit with its request for equitable relief to be untimely.

The request for stay of execution is DENIED as untimely.