United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-70050
_____

MELVIN WAYNE WHITE,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, Executive Director,
Texas Department of Criminal Justice, et. al.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:

Appellant Melvin Wayne White appeals the dismissal of his action seeking injunctive relief under 42 U.S.C. § 1983, in which he alleged that Texas's method of execution violated the Eighth and Fourteenth Amendments of the Constitution. The district court sua sponte dismissed White's action because it determined that he was dilatory in filing his action for equitable relief. We **AFFIRM**.

## I.   BACKGROUND

White was convicted of capital murder and sentenced to death on June 17, 1999. Thereafter, White unsuccessfully

petitioned for state and federal habeas corpus relief, and on October 11, 2005, the Supreme Court denied White's petition for a writ of certiorari. On October 21, 2005, White filed a § 1983 action, requesting a permanent injunction prohibiting the State of Texas from i) injecting him with a combination of sodium pentothal, pancuronium bromide, and potassium chloride; and ii) utilizing any invasive medical procedures to gain venous access for the lethal injection.

## II. DISCUSSION

The district court sua sponte dismissed White's action for equitable relief because it determined that, just like the plaintiff in Harris v. Johnson, 376 F.3d 414 (5th Cir. 2004), White waited too long to bring his § 1983 claim. We review the district court's sua sponte dismissal de novo. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

"[M]ethod of execution actions may be brought in a § 1983 suit instead of a habeas petition," but the § 1983 claim should "not unduly threaten the State's ability to carry out the scheduled execution." Harris, 376 F.3d at 416 (citing Nelson v. Campbell, 541 U.S. 637, 643-48, 124 S. Ct. 2117, 2123-25 (2004)). Additionally, the fact that "an inmate states a cognizable § 1983 claim does not warrant the entry of a stay as a matter of right," and "[a] court may consider the last-minute nature of an application to stay execution in deciding whether to grant

2

equitable relief." <u>Nelson</u>, 541 U.S. at 649, 124 S. Ct. at 2125-26 (citing <u>Gomez v. U.S. Dist. Court.</u>, 503 U.S. 653, 112 S. Ct. 1652 (1992) (per curiam)). White argues that because he is not requesting a stay, the Supreme Court's pronouncements in <u>Nelson</u> should not apply. These rules, however, were declared by the Court in the context of last-minute § 1983 method of execution challenges as well as last-minute stay requests. <u>Id.</u> The principles enunciated by the Court are equally applicable to all types of equitable relief, including permanent injunctions, sought by inmates facing imminent execution.

When weighing equitable remedies, a court "must take into consideration the State's strong interest in proceeding with its judgment and . . . attempts at manipulation." <u>Id.</u> Further, "[g]iven the State's significant interest in enforcing its criminal judgments, there is a strong equitable presumption against" last-minute equitable remedy requests. <u>See id.</u> at 650, 124 S. Ct. at 2126. This presumption occurs because the inmate could have brought the action at an earlier time, which would have allowed the court to consider the merits without having to utilize last-minute equitable remedies. <u>See id.</u>

As in <u>Harris</u>, "[w]e do not decide whether [White] properly states a claim under § 1983, because even if he does, he is not entitled to the equitable relief he seeks" due to his dilatory filing. 376 F.3d at 417 (citing <u>Gomez</u>, 503 U.S. at 654, 112 S. Ct. 1652). White has been on death row for more than six

3

years, and only now, with his execution imminent, has decided to challenge a procedure for lethal injection that the State has been using for his entire stay on death row. See Harris, 376 F.3d at 417. Like Harris, White has no excuse for delaying his claim until the eleventh hour, and he cannot argue that "he was unaware of the State's intention to execute him by injecting the three chemicals he now challenges." Id. [1]

The State concedes that when Harris's conviction became final on direct review, his challenge to the State's method of execution, in the absence of dramatic changes to the State's protocol, cf. Nelson, 541 U.S. at 641, 124 S. Ct. at 2121 (authorizing § 1983 challenge to cut-down procedure newly adopted in petitioner's case), would have been appropriately filed at any time thereafter and need not await an imminent execution date. We agree.

Because we conclude that equitable relief for this last-minute challenge to the method of execution is improper, we do not reach the question whether White's claims, to the extent they would require injunctive relief "seemingly without regard to whether the State did or did not resort to the cut-down," see Nelson, 541 U.S. at 648, 124 S. Ct. at 2125 are in effect a successive habeas

---

[1]     Additional hurdles face White's complaint that, because the State might use a cut-down procedure to gain venous access, he will be subject to an Eighth Amendment violation. First, it is counter-factual, as the State denies it will resort to this procedure, and White concedes that IV access has been achieved in his hands several times. Second, this claim is barred from federal review by White's failure to exhaust it pursuant to the PLRA. See, Underwood v. Wilson, 151F.3d 292 (5th Cir. 1998).

petition, <u>Id</u>.  Nor do we reach the State's arguments for preclusion based on administrative rulings.

### III.  CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's dismissal of White's § 1983 action.