United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-70012
_____

KEVIN CHRISTOPHER KINCY,

Petitioner-Appellant,

versus

BRAD LIVINGSTON, Executive Director, Texas Department of
Criminal Justice; DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTION INSTITUTIONS DIVISION; CHARLES
O'REILLY, Senior Warden, Huntsville Unit Huntsville, Texas;
and UNKNOWN EXECUTIONERS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CV-00689

_____

Before JONES, Chief Judge, and BENAVIDES and CLEMENT, Circuit
Judges.

PER CURIAM: [*]

        Plaintiff-Appellant Kevin Kincy ("Kincy") is scheduled to

be executed on March 29, 2006. Kincy appeals the district court's

dismissal of his suit for injunctive relief pursuant to 42 U.S.C.

§ 1983. He alleges that the method of execution used by Texas,

_____

        [*]        Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

lethal injection, may cause excruciating pain in violation of the Eighth and Fourteenth Amendments. The district court, citing Fifth Circuit precedent, dismissed Kincy's complaint with prejudice, concluding that Kincy unnecessarily delayed in challenging the method of execution. The district court did not determine whether Kincy's Eighth or Fourteenth Amendment claims are cognizable under § 1983 because circuit precedent holds that Kincy is not entitled to equitable relief due to his dilatory filing. Before this court, Kincy requests a stay of execution. Because we agree with the analysis of the district court, we AFFIRM its dismissal of Kincy's complaint and DENY his request for a stay.

Kincy has been on death row for over ten years. His sentence and conviction became final on April 21, 1998, nearly eight years ago. Still, Kincy did not bring the instant challenge to the method of his execution until twenty-seven days prior to his scheduled execution.

The district court correctly applied our precedent. This court has held on numerous occasions that "[a] challenge to a method of execution may be filed at any time after the plaintiff's conviction has become final on direct review." Neville v. Johnson, __ F.3d __, 2006 U.S. App. LEXIS 3096 (5th Cir. Feb. 8, 2006) (citing White v. Johnson, 429 F.3d 572, 574 (5th Cir. 2005)), cert.

2

denied, <u>Neville v. Livingston</u>, 2006 U.S. LEXIS 1008 (Feb. 8, 2006); <u>Smith v. Johnson</u>, __ F.3d __, 2006 U.S. App. LEXIS 3527 (5th Cir. Feb. 14, 2006)(quoting <u>Neville</u>).  We have also made clear that waiting to file such a challenge shortly before a scheduled execution constitutes unnecessary delay.  <u>Harris v. Johnson</u>, 376 F.3d 414, 417-19 (5th Cir. 2004), <u>cert. denied</u>, <u>Harris v. Dretke</u>, 542 U.S. 953 (2004).  Kincy had nearly eight years in which he could have litigated his claim for relief under § 1983; he therefore "cannot excuse his delaying until the eleventh hour on the ground that he was unaware of the state's intention to execute him by injecting the three chemicals he now challenges."  <u>Harris</u>, 376 F.3d at 417.

Regardless whether he now states a claim under § 1983, Kincy is not entitled to the relief he seeks due to his dilatory filing.  He has been on death row for over ten years but waited to challenge a procedure for lethal injection that has been used by Appellees during his entire stay on death row.  <u>See</u> <u>Smith</u>, 2006 U.S. App. LEXIS 3527 at *3 (reaching the same conclusion when petitioner filed after nine years); <u>White</u>, 429 F.3d at 574 (reaching the same conclusion when petitioner filed after six years); <u>see also</u> <u>Harris</u>, 376 F.3d at 417.  Kincy's contentions that imminence of execution is a prerequisite for standing, a

3

requirement for ripeness, and a prerequisite for entitlement to prospective injunctive relief are contradicted by the holdings of Neville and White, discussed supra. Further, in Harris, this court explicitly stated that a challenge should not be brought when the execution is "an imminent or impending danger." Harris, 376 F.3d at 418; see also White, 429 F.3d at 574 (A "last-minute challenge to the method of execution is improper."). Kincy's decision to delay his filing until twenty-seven days before his scheduled execution constitutes unnecessary delay. See Harris, 376 F.3d at 416. Harris and Neville control and require us to affirm the district court's dismissal of this claim.

The district court properly considered Kincy's attempts to distinguish his case from prior cases, such as Smith, Neville, White, and Harris, and found them unavailing.[1] We agree, noting, as did the district court, that the instant case falls squarely within the holdings of the aforementioned cases and compels denial of a stay.

---

[1] The fact that Kincy challenges the state of Texas's "cut down" procedure in addition to objecting to the chemicals used in the lethal injection process does not meaningfully distinguish his case from the above cited cases. A prisoner delays unreasonably in waiting until the last minute to bring any method of execution challenge that could have been brought after his conviction and sentence became final.

4

To the extent that Kincy contends his execution should be stayed pending the Supreme Court's decision in <u>Hill v. Crosby</u>, __ U.S. __, 126 S. Ct. 1189 (2006)(granting certiorari), we decline to do so.  In <u>Neville</u>, we explained that Fifth Circuit precedent "remains binding until the Supreme Court provides contrary guidance." __ F.3d at __, 2006 U.S. App. LEXIS 3096 at *3. Moreover, the Supreme Court has denied certiorari in recent challenges, filed after the <u>Hill</u> certiorari grant, to Texas's lethal injection protocol.  <u>See, e.g.</u>, <u>Smith</u>, 2006 U.S. LEXIS 1090 (Feb. 15, 2006).

For the foregoing reasons, we AFFIRM the district court's dismissal of Kincy's complaint and DENY Kincy's motion for a stay of execution.