United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————

No. 06-70018

———————————

JACKIE BARRON WILSON,

Plaintiff-Appellant,

versus

BRAD LIVINGSTON, Executive Director, Texas Department of Criminal
Justice; DOUG DRETKE, Director, Correctional Institutions Division
Texas Department of Criminal Justice; CHARLES O'REILLY, Senior
Warden, Huntsville Unit, Huntsville, Texas; UNKNOWN EXECUTIONERS,

Defendants-Appellees.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
(06-1451)

———————————————————————————

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

Per Curiam:

In 1989, Jackie Barron Wilson was convicted of capital murder in the course of a kidnapping and sentenced to death. The Texas Court of Criminal Appeals reversed his conviction and remanded for a new trial. In 1994, he was again convicted and sentenced to death. Wilson was denied relief on his direct appeal and on state and federal habeas applications, the last decision being the 23 February 2004 denial by the Supreme Court of the United States of his petition for writ of *certiorari* to review the denial of federal habeas relief, **Wilson v. Dretke**, 540 U.S. 1186 (2004). He is to be executed on 4 May 2006.

The execution date was set on 26 January 2006. On 14 February 2006, Wilson filed a grievance with the Texas Department of Criminal Justice, "protesting the 'substances' he anticipated the [State] had chosen to intravenously inject". Wilson claims that grievance was denied on 6 April 2006. On 27 April 2006, Wilson filed this action for injunctive relief, pursuant to "42 U.S.C. § 1983 to bar his execution by means of the execution protocol currently employed by the State of Texas".

On 28 April 2006 (order entered on 1 May), the district court denied, *sua sponte*, injunctive relief, for failure to state a claim upon which relief may be granted. Pursuant to **Harris v. Johnson**, 376 F.3d 414 (5th Cir. 2004), the court held Wilson's filing was dilatory, because Wilson has been sentenced to death for approximately 12 years and failed to file his complaint until more than two years after the Supreme Court denied *certiorari* for his federal habeas petition.

This appeal was filed on 1 May 2006. As held in **Harris**, Wilson's § 1983 action is dilatory. Accordingly, we deny his request for injunctive relief without reaching the merits of his § 1983 claim. **Id**. at 417; *see also* **Smith v. Johnson**, 440 F.3d 262 (5th Cir.), *stay denied*, 126 S. Ct. 1294 (2006); **White v. Johnson**, 429 F.3d 572 (5th Cir.), *stay denied*, 126 S. Ct. 601 (2005).

For the foregoing reasons, we **DENY** Wilson's requests

that this Court grant a preliminary injunction or, in the alternative, a temporary restraining order, prohibiting Appellees from ... injecting him with pancuronium bromide and potassium chloride, individually or in combination, during the course of administering a lethal injection to him ... [or in the alternative] remand to the district court with instructions to grant preliminary or temporary injunctive relief ... [or in the alternative] grant a stay of execution pending consideration of his appeal by this Court or pending the Supreme Court's resolution of Hill v. McDonough, No. 05-8794.

In addition, this appeal is **DISMISSED.**

*REQUESTED RELIEF DENIED; APPEAL DISMISSED*

3