United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2006**

**Charles R. Fulbruge III**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

06-70032

---

MAURICEO MASHAWN BROWN,

                                        Plaintiff-Appellant,

                    v.

BRAD LIVINGSTON, Executive Director,
Texas Department of Criminal Justice;
NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice;
Correctional Institutions Division;
CHARLES O'REILLY, Senior Warden;
Huntsville Unit, Huntsville, Texas;
UNKNOWN EXECUTIONERS,

                                        Defendants-Appellees.

---

Appeal from the United States District Court for the
Southern District of Texas

---

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

The Plaintiff-Appellant, Mauriceo Brown, is scheduled to be executed by lethal injection on July 19, 2006. Brown appeals the district court's *sua sponte* dismissal of his suit seeking injunctive relief pursuant to 42 U.S.C. § 1983. He alleges that the combination of drugs that Texas uses in administering the lethal injection could paralyze him while leaving him fully

conscious of excruciating pain during the execution in violation of the Eighth Amendment.  Brown seeks to enjoin the use of this particular lethal injection protocol.

Relying on *Harris v. Johnson,* 376 F.3d 414 (5th Cir. 2004), the district court held that Brown was dilatory in filing the complaint and, thus, dismissed the case with prejudice.  The district court properly applied our precedent.

This Court has held that "[a] challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review."  *Neville v. Johnson,* 440 F.3d 221, 222-23 (5th Cir.) (citing *White v. Johnson,* 429 F.3d 572, 574 (5th Cir.), *cert. denied,* 126 S.Ct. 601 (2005)), *cert. denied,* 126 S.Ct. 1192 (2006).  Further, we have made clear that waiting to file such a challenge just days before a scheduled execution constitutes unnecessary delay.  *Harris,* 376 F.3d at 417-19.  Although Brown's direct appeal has been final for seven years,[1] he did not file the instant complaint until six days before his scheduled execution.  Brown "cannot excuse his delaying until the eleventh hour on the ground that he was unaware of the state's intention to execute him by injecting the three chemicals he now challenges."  *Harris,* 376 F.3d at 417.  Brown has been on death row for more than nine years but decided to wait to challenge a

---

[1] *Brown v. State*, slip op. 72,852 (Tex. Crim. App. Feb. 17, 1999)(unpublished).

procedure for lethal injection that has been used by the State during his entire stay on death row. *See White,* 429 F.3d at 574 (reaching the same conclusion when petitioner filed after six years); *see also Harris,* 376 F.3d at 417.

Although Brown recognizes our precedent, he argues that it is in conflict with the Texas Court of Criminal Appeals's holding that lethal injection challenges are not ripe until an execution is imminent. Whatever significance the Court of Criminal Appeals's holding may have with regard to state court proceedings, it is clear from our precedent that he could have proceeded with a section 1983 civil complaint in federal court at any time after his direct appeal became final in 1999. The Court of Criminal Appeals's holding with regard to ripeness is irrelevant to Brown's ability to proceed in federal district court on his section 1983 claim. Moreover, regardless of whether there is a conflict between the precedent of this Court and the Court of Criminal Appeals, this panel is bound by our precedent, which requires us to find the instant suit dilatory. Brown offers no other reason to justify his delay in filing suit.

Accordingly, we AFFIRM the district court's dismissal of Brown's complaint and DENY the request in his brief for this Court to issue injunctive relief, which we treat as a request for stay of execution. The Clerk is directed to issue the mandate instanter.

DENNIS, Circuit Judge, dissenting:

Because I believe equity demands a more in-depth analysis of the situation in this case in light of recent Supreme Court jurisprudence, I respectfully dissent from the decision to deny a stay of execution. I continue to be concerned about the tendency in some of our own opinions towards mechanically denying stays according only to the length of delay between execution setting and the date of the petition, as noted in my dissent in Harris v. Johnson, 376 F.3d 414, 419 (5th Cir. 2004). In Hill v. McDonough, -- U.S. --, 126 S.Ct. 2096 (2006), the Supreme Court did not bar a plaintiff's 1983 action even though it was not filed until four days prior to his execution. Instead, the Court reversed the Eleventh Circuit's judgment that the suit was a functional equivalent to a successive habeas petition. Id. at 2103. The Court also reiterated that "a stay of execution is an equitable remedy" and that there is "a strong equitable presumption" against granting a stay where the claim could have been raised "'at such a time as to allow consideration of the merits without requiring entry of a stay.'" Hill, 126 S.Ct. at 2104, citing Nelson v. Campbell, 541 U.S. 637, 650 (2004). The Court made clear that "federal courts can and should protect States from dilatory or speculative suits," and potentially also from "repetitive or piecemeal litigation" which might raise similar concerns, but it did not address the method by

-4-

which we may do so. Id. It did, however, make clear that a stay under these circumstances must satisfy all the traditional requirements, such as proof of the likelihood of success on the merits. Id. at 2104. It also did not give carte blanche approval to any of the lower court decisions it referred to, but merely noted that dilatoriness was a valid and significant problem that courts are within their powers to address. Id. I do not read the Court's opinion as encouraging us to overlook all other considerations that are called for in equity, which, after all, should be a recourse to principles of justice and fairness to correct or supplement the law as applied to particular circumstances. Consequently, equity in cases of this nature requires courts to consider the particular circumstances of each case and to examine them for whether or not the challenge has been brought dilatorily or for improper purposes (i.e., to delay the execution), and, if not, whether it should be allowed to proceed.

In this case, the district court and the majority have not analyzed the case on the basis of the factors indicated in Hill, including the likelihood of success on the merits.[2] Accordingly, it

---

[2]In deciding a stay of execution, we must consider four factors: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. Buxton v. Collins, 925 F.2d 816, 819 (5th Cir. 1991). Hill cited as an example of these factors Barefoot v. Estelle, a case approving of "the Fifth Circuit's recent practice of requiring

is difficult to determine quickly whether the result they reached is congruent with the Supreme Court's decisions in <u>Nelson</u> and <u>Hill</u>. Further, it is now clear that a reevaluation and rethinking of our prior decisions in the light of <u>Nelson</u> and <u>Hill</u> is appropriate. Therefore, I respectfully dissent and would stay the execution in this case pending briefing and oral argument for that purpose.

---

a showing of some prospect of success on the merits before issuing a stay of execution," 463 U.S. 880, 889 (1983), as well as <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997), a case noting that the movant must carry the burden of persuasion.