United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-70046
_____

GREGORY LYNN SUMMERS,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

BRAD LIVINGSTON,
Executive Director, Texas Department of Criminal Justice,

NATHANIEL QUARTERMAN,
Director, Texas Department of Criminal Justice, Correctional Institutions Division,

C. THOMAS O'REILLY,
Warden, Huntsville Unit, and

UNKNOWN EXECUTIONERS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(No. 1:06-CV-844-LY)
_____

Before JONES, Chief Judge, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Gregory Lynn Summers ("Summers"), a death-sentenced prisoner, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint seeking "a permanent injunction barring

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

Defendants from injecting pancuronium bromide or potassium chloride, individually or [in] combination, into him during the administration of his lethal injection" on the basis that such injections constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Summers also moves the court for an injunction pending appeal or, in the alternative, for a stay of execution. The district court's dismissal of the complaint is AFFIRMED and the motion for an injunction pending appeal or, in the alternative, for a stay of execution is DENIED AS MOOT.

## I. FACTS AND PROCEEDINGS

Summers was convicted of capital murder and sentenced to death in August 1991. After the state appeals process failed to provide him with relief, the United States Supreme Court denied Summers's petition for a writ of certiorari on October 7, 1996, thus rendering his conviction and sentence final on direct review. *Summers v. Texas*, 519 U.S. 826 (1996). After unsuccessfully seeking habeas relief in state court, Summers sought habeas relief in federal court. After the district court denied his writ but granted a COA on three of his claims, Summers filed an Application for Additional Certificate of Appealability with this court on August 3, 2004.

In a published opinion of December 2, 2005, this court denied Summers's application for additional COAs and affirmed the district court's denial of habeas relief. *Summers v. Dretke*, 431 F.3d 861 (5th Cir. 2005). On March 15, 2006, Summers's execution was set for October 25, 2006. On October 2, 2006, the United States Supreme Court denied Summers's petition for a writ of certiorari.

On October 10, 2006, Summers filed a § 1983 complaint in state court and sought a temporary injunction or, in the alternative, a temporary restraining order. The defendants removed

the case to federal court on October 18, 2006. The defendants also filed a motion to dismiss in federal court on October 18, 2006. Summers filed a response on October 19, 2006. After a hearing, the district court granted the motion to dismiss in a written order of October 24, 2006. Summers appealed on October 25, 2006.

## II. STANDARD OF REVIEW

The district court may dismiss a complaint under Rule 12(b)(6) only if it "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). This court reviews a district court's grant of a motion to dismiss de novo. *Chiras v. Miller*, 432 F.3d 606, 610 (5th Cir. 2005).

## III. DISCUSSION

### A.     Propriety of using § 1983 to challenge the method of execution

In *Hill v. McDonough*, the United States Supreme Court held that a § 1983 claim is a permissible way to challenge the method of execution if the "challenge appears to leave the State free to use an alternative lethal injection procedure." 126 S. Ct. 2096, 2102 (2006). Essentially, if the grant of injunctive relief would prevent the State from conducting the execution, then the prayer for relief challenges the sentence itself and must be brought in a habeas petition. *Id.* at 2101. The parties do not dispute that the Texas statutes do not mandate the use of the two drugs Summers challenges, and accordingly a permanent injunction in Summers's favor would not prevent the State from executing him. Summers's claim, therefore, is properly brought as a § 1983 cause of action.

### B.     Dilatory filing

"[A] challenge to a method of execution may be filed at any time after the plaintiff's conviction has become final on *direct review*." *See, e.g., Neville v. Johnson*, 440 F.3d 221, 222 (5th

Cir. 2006) (emphasis added) (affirming the district court's dismissal of a § 1983 action challenging the method of execution as dilatory); *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005) (affirming dismissal on dilatoriness grounds and agreeing "that when [petitioner's] conviction became final on direct review, his challenge to the State's method of execution . . . would have been appropriately filed at any time thereafter and need not await an imminent execution date"). Summers's conviction became final on direct review when the United States Supreme Court denied his petition for a writ of certiorari on October 7, 1996.

To the extent that Summers argues that his action is not dilatory because it was filed only eight days after denial of the certiorari petition in his *habeas* proceeding, the same argument was clearly rejected by this court in *Harris v. Johnson*. 376 F.3d 414, 417 (5th Cir. 2004). In responding to the same contention raised here, the court stated:

> That argument is nothing more than a restatement of the very thing the plaintiff is not entitled to do under *Gomez*, 503 U.S. at 654, 112 S. Ct. 1652—namely, to wait until his execution is imminent before suing to enjoin the state's method of carrying it out. The denial of certiorari may well have cast the issue in a new and urgent light for Harris, but it also entitled the state to set a date for, and proceed with, his execution.

*Id.* (vacating a temporary restraining order and dismissing the § 1983 complaint).

The Supreme Court in *Nelson v. Campbell* stated that "[a] court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." 541 U.S. 637, 649 (2004); *see also Harris*, 376 F.3d at 416 (stating that "one of the animating principles is *Nelson*'s requirement that the § 1983 claim not unduly threaten the state's ability to carry out the scheduled execution"). In *White*, this court stated that this doctrine encompasses "last-minute § 1983 method of execution challenges as well as last-minute stay requests." 429 F.3d at 573. "The principles enunciated by this Court are equally applicable to all types of injunctive relief, including

permanent injunctions, sought by inmates facing imminent execution." *Id.* at 574.

Summers's complaint contains only a § 1983 claim alleging violation of the Eighth and Fourteenth Amendments of the United States Constitution. Such a case presents only a federal question. *Eubanks v. McCotter*, 802 F.2d 790, 793 (5th Cir. 1986) (noting that a claim under § 1983 by inmates alleging violations by corrections officers "invoked general 'federal question' jurisdiction"). As such, federal substantive law clearly applies. *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). In addressing a federal question, the court applies federal law.

Summers argues that, because this § 1983 action was initially filed in state court and was removed to federal court by the defendant, this court should apply state law to the timing of the claim. Summers argues that this court should rely on *Doyle v. State*, an unpublished Texas Court of Criminal Appeals direct appeal decision, for the proposition that the § 1983 claim is timely because the claim was not ripe until the execution was imminent. 2006 WL 1235088 (Tex. Crim. App. May 10, 2006).

*Doyle* is not even controlling Texas precedent. The printed version of *Doyle* attached to Summers's pleadings in the district court states that it is "For Educational Purposes Only" and that "Unpublished Opinions may not be cited as Authority" pursuant to a Texas procedural rule. Doyle is clearly labeled "Do Not Publish." *See Doyle*, 2006 WL 1235088.[1]

---

[1]*Doyle* is further irrelevant because it is distinguishable on its facts. *Doyle* principally rejected the appellant's challenge to the Texas lethal injection procedure on the basis that appellant had not provided any evidence at trial to sustain his position. The court declined to rule "when the record is not sufficiently developed." *Id.* at *4.

Also, in *Doyle*, the appellant was challenging lethal injection on direct appeal. The court

In addition, Summers cites to *Ex parte O'Brien*, a Texas Court of Criminal Appeals decision in which four judges of the court, in concurring, discussed the merits of the petitioner's Eighth Amendment argument. 190 S.W.3d 677, 678 (Tex. Crim. App. 2006). In *O'Brien*, these four judges noted in a footnote that *Doyle* rejected a similar challenge on direct appeal as unripe but that "[s]uch a claim certainly is ripe for review once an execution date is set." *Id.* at 679 n.2. Even if the "rule of *Doyle* and *O'Brien*" applied to this action, which it does not, Summers's argument is still without merit.

The mere fact that at some time in the past the claim may have been unripe hardly indicates that this claim is not dilatory when brought two weeks before the execution. Simply because judges of the Texas Court of Criminal Appeals chose to consider the substance of similar claims in the *habeas* context filed only one week before an execution date does not create a rule that a *§ 1983 complaint* filed in a similar manner is not dilatory. *See id.* at 678.

Counsel for Summers could have filed this complaint as early as October 1996. Moreover, the execution date of October 25, 2006, was set in March 2006. The filing of this complaint nearly seven months later, on October 10, 2006, was dilatory and renders the complaint without merit. *See White*, 429 F.3d at 573 (noting that courts may account for "the last-minute nature of an application"

---

held that as such, "the method in which the lethal injection is currently administered is not determinative of the way it will be administered at the moment of appellant's execution." *Id.* at *4. Doyle's case had not even proceeded through the completion of direct appeal, much less through the federal appellate process on habeas review, when the court found the challenge not yet ripe.

Here, by contrast, Summers had not only exhausted direct review, but nearly all possibility of success on collateral review, and he has had today's execution date scheduled since March 2006. In the ensuing nearly seven months, the federal courts have repeatedly denied last-minute § 1983 challenges to the Texas lethal injection procedure, and in so doing, the state has doggedly adhered to its current method. *Doyle*'s comment about ripeness has little if anything to do with the posture of Summers's case as of October 10, when he finally filed this § 1983 action in state court.

for an injunction or a stay in determining whether relief is warranted) (internal quotation omitted). The court can discern no credible reason for this delay other than a contemptuous effort to circumvent the procedures already in place.

## IV.  CONCLUSION

For the reasons stated above, we AFFIRM the district court's dismissal of Summers's § 1983 complaint.  Summers's motion for an injunction pending appeal or, in the alternative, for a stay of execution is DENIED AS MOOT.