United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 07-70014

———————

RYAN HEATH DICKSON,

Plaintiff-Appellant,

versus

BRAD LIVINGSTON, Executive Director, Texas Department of
Criminal Justice; NATHANIEL QUARTERMAN, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; CHARLES
O'REILLY, Senior Warden, Huntsville Unit Huntsville, Texas; HAL
MINER, PRESIDING JUDGE, 47TH DISTRICT JUDGE POTTER,
COUNTY, TEXAS; UNKNOWN EXECUTIONERS

Defendants - Appellees

———————————————————————

Appeal from the United States District Court
For the Northern District of Texas

———————————————————————

Before GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Texas death-row inmate Ryan Heath Dickson appeals the district court's dismissal of his

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action seeking injunctive relief under 42 U.S.C. § 1983. He alleges that the combination of three chemicals used during lethal injection will subject him to high risk of unnecessary and extreme pain in violation of the Eighth and Fourteenth Amendments and requests that only trained medical personnel administer the drugs. He also asserts a wholly frivolous claim, allegedly under the Sixth Amendment's Confrontation Clause, asking that "the identification of the licensed medical professions be published to the public to ensure that the system will have a check and balance." The district court dismissed Dickson's suit because he was dilatory in filing his action for equitable relief. We AFFIRM.

"[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 126 S.Ct. 2096, 2104 (2006). When "a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay," there is a "strong equitable presumption against the grant of a stay." *Nelson v. Campbell*, 541 U.S. 637, 650 (2004); *see also Gomez v. United States Dist. Court for Northern Dist. of Cal.*, 503 U.S. 653, 654 (1992) (per curiam) (noting that the "last-minute nature of an application" or an applicant's "attempts to manipulate" the judicial process may be grounds for denial of a stay).

Dickson waited until April 26, 2006, the afternoon of the day of his scheduled execution, to file a manner-of-execution challenge with the district court. He could have filed his manner-of-execution challenge at any time after April 26, 2000, when his conviction became final on direct review. *See Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006) ("A challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review."). Dickson has not shown a justifiable reason for why he waited until the afternoon of the day of his

execution to challenge the manner-of-execution,[1] and therefore, we find it improper to grant the equitable relief he seeks. *See, e.g.*, *Reese v. Livingston*, 453 F.3d 289, 291 (5th Cir. 2006) ("[A] plaintiff cannot wait until a stay must be granted to enable him to develop facts and take the case to trial—not when there is no satisfactory explanation for the delay."); *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005) (dismissing manner-of-execution challenge as dilatory when inmate waited to file until his "execution [was] imminent"); *Harris v. Johnson*, 376 F.3d 414 (5th Cir. 2004) (dismissing manner-of-execution challenge as dilatory even though filed ten weeks before his scheduled execution).

Accordingly, we AFFIRM the district court's dismissal of Dickson's claims. Moreover, Dickson's counsel is hereby warned that failure to comply with Fifth Circuit Rule 8.10 without good cause could result in sanctions.

---

[1] Dickson asserts that he had no information to contest the exact composition of the three-drug cocktail used in lethal injections until now because Texas Department of Criminal Justice "officials have historically refused to release the protocols upon request" and the "protocols were disclosed only recently as a result of similar litigation." We are persuaded that Dickson could have discovered the exact chemical composition of Texas' execution protocol through normal discovery procedures had he chosen to timely file his action, and hence, his lack of information does not excuse the delay.