KING, Circuit Judge,
dissenting:
I respectfully dissent from the order denying a stay of execution.
I have been extremely reluctant to issue a stay when an execution date is imminent. States have a strong interest in the timely enforcement of their lawfully-rendered judgments. This is especially so when an inmate has had the benefit of both a direct appeal and collateral proceedings, but waits until the “eleventh hour” to challenge the method by which he is to be executed. As the Supreme Court explained in Hill v. McDonough, 547 U.S. 573, 583-84, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), where the inmate waited until four days before his scheduled execution to file a § 1983 method-of-execution claim, “[filing [such] an action ... does not entitle the complainant to an order staying an execution as a matter of course.” Rather, “federal courts can and should protect States from dilatory or speculative suits....” Id. at 585, 126 S.Ct. 2096. Similarly, in a case in which the inmate filed a claim only three days before his scheduled execution, the Court explained that in addition to considering the normal stay equities, including the likelihood of success on the merits and the relative harms to the parties, courts must consider “the extent to which the inmate has delayed unnecessarily in bringing the claim.” Nelson v. Campbell, 541 U.S. 637, 649-50, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). Accordingly, this circuit has been exceedingly unwilling in method-of-execution cases to grant a stay or otherwise intervene to halt an execution when inmates have been aware of their potential claims but delayed filing suit until shortly before a scheduled execution. See Berry v. Epps, 506 F.3d 402, 403-05 (5th Cir.2007) (denying stay and *377 affirming dismissal where inmate did not file suit until twelve days before scheduled execution); Dickson v. Livingston, 232 Fed.Appx. 398, 399 (5th Cir.2007) (unpublished) (affirming dismissal where inmate did not file suit until the day of his scheduled execution); Pippin v. Quarterman, 223 Fed.Appx. 433 (5th Cir.2007) (unpublished) (denying stay and affirming dismissal where inmate did not file suit until six days before his scheduled execution); Summers v. Tex. Dep’t of Criminal Justice, 206 Fed.Appx. 317, 318 (5th Cir.2006) (unpublished) (same where inmate did not file suit until fifteen days before his scheduled execution); Brown v. Livingston, 457 F.3d 390, 391 (5th Cir.2006) (same where inmate did not file suit until six days before his scheduled execution); Resendiz v. Livingston, 454 F.3d 455 (5th Cir.2006) (same where inmate waited until three days before his scheduled execution to file pleadings to join § 1983 suit, see district court’s order at Resendiz v. Livingston, No. H-06-CV-818, 2006 WL 1787989, at *1 (S.D.Tex. June 26, 2006)); Wilson v. Livingston, 179 Fed.Appx. 228, 229 (5th Cir.2006) (unpublished) (denying stay and dismissing appeal where inmate did not file suit until seven days before his scheduled execution); Kincy v. Livingston, 173 Fed.Appx. 341, 342-43 (5th Cir.2006) (unpublished) (denying stay and affirming dismissal where inmate did not file suit until twenty-seven days before his scheduled execution); Hughes v. Johnson, 170 Fed.Appx. 878, 879-80 (5th Cir.2006) (unpublished) (same where inmate did not file suit until fourteen days before his scheduled execution); Smith v. Johnson, 440 F.3d 262, 263-64 (5th Cir.2006) (same where inmate did not file suit until five days before his scheduled execution); Neville v. Johnson, 440 F.3d 221, 222 (5th Cir.2006) (affirming dismissal where inmate did not file suit until two days before his scheduled execution); Harris v. Johnson, 376 F.3d 414, 416-17 (5th Cir.2004) (vacating TRO prohibiting state from carrying out execution and rendering judgment of dismissal where inmate did not file suit until ten weeks before his scheduled execution).
I recognize that Bishop’s claim bears many of the hallmarks of a dilatory claim. Bishop committed the crime for which he was convicted in December 1998, and his direct appeal became final when the Supreme Court denied certiorari on October 21, 2002. He did not bring his challenge to the method by which Mississippi intends to execute him, however, until October 18, 2007. Nonetheless, there are countervailing considerations present here — including the State’s own dilatory actions in the district court — that cause me to conclude that this is the rare case in which the equities favor granting a stay.
First, I stress that unlike the inmates in Hill, Nelson, and the similar cases from this circuit collected above, Bishop did not file this lawsuit as an eleventh-hour attempt to stave off an impending execution. In fact, Bishop filed suit nine months ago (shortly after certiorari was granted in a case challenging Kentucky’s lethal injection protocol, see Baze v. Rees, — U.S. —, 128 S.Ct. 34, 168 L.Ed.2d 809 (2007)), at a time when his federal habeas proceedings were not yet final and an execution date had not yet been set. The State, however, after obtaining a dismissal on equitable grounds against one of Bishop’s co-plaintiffs (who did have an execution date scheduled), failed to file an answer or otherwise engage the claims of Bishop and the remaining plaintiffs who did not have execution dates pending, and a default judgment was ultimately entered against the State. It was not until May 16, 2008, that this default judgment was set aside and the lawsuit actually commenced. In other words, due to the State’s failure to timely respond to the lawsuit, six months *378 passed in which discovery could have been conducted and, proceeding expeditiously (as we are now asked to do), all aspects of the case (including the adequacy of Mississippi’s lethal injection protocol) could have been developed, resulting in a more complete record as well as time for an appeal to be taken in a more orderly fashion. I also cannot help but note that the State, though apparently incapable of responding to Bishop’s claim in any way for six months, did manage to file a motion to set an execution date with the Mississippi Supreme Court on June 23, 2008 — the very same day that the Supreme Court denied certiorari in Bishop’s habeas proceeding and the first day that Mississippi law allows for such a motion to be made when post-conviction proceedings have been taken. And so it came to be that the State, having ignored Bishop’s suit for six months, now urges that the equities do not favor a stay because of Bishop’s own delay.
The majority errs, in my view, in faulting Bishop for not making a showing in his stay application that Mississippi’s protocol “creates a demonstrated risk of severe pain,” a standard advanced by the plurality opinion in Baze v. Rees, — U.S.—, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), that the majority apparently believes to be controlling in this context. The fact is that Bishop has put forward evidence that, if credited, tends to show that Mississippi’s method of execution creates such a risk. In an affidavit filed in the district court— and attached to the stay application in this court — Bishop’s expert identifies several aspects of the protocol that, in his opinion, undermine Mississippi’s ability to reliably carry out a humane execution by lethal injection. Of course, there is also evidence to the contrary, but this issue never was fully developed in the district court (as it perhaps could have been if the State had timely responded to this lawsuit), and the case was ultimately decided on statute of limitations grounds. Bishop understandably did not make the question of the risk created by the protocol the focus of his stay application because the requirements for equitable relief compel him to make a showing of probable success on the merits of the subject of this appeal, i.e., the statute of limitations issue. The adequacy of the protocol simply was not the basis for the district court’s decision. Bishop has, however, provided competent evidence on this point.
Moreover, given the fact that the adequacy of Mississippi’s protocol was effectively never litigated in this case, it seems to me highly inappropriate for the majority to import from Baze language suggesting that a stay may not be granted unless a showing is made of a substantial risk of severe pain, and then go on to decide whether such a showing has been made. Putting aside the fact that Bishop arguably has made such a showing (as discussed above), the effect of this is, again, to require Bishop to show a likelihood of success on the merits of an issue that was not developed below and is not part of this appeal.
It has generally been our practice to avoid addressing the underlying merits of method-of-execution claims when dealing with requests for last-minute stays (or their functional equivalent, appeals from dismissals in the district courts for delay), and instead to rely upon equitable considerations relating to the inmate’s delay. See, e.g., Berry, 506 F.3d at 405 (denying stay and affirming dismissal on grounds of delay without reaching merits of claim); Dickson, 232 Fed.Appx. at 398-99 (affirming dismissal without reaching merits); Summers, 206 Fed.Appx. at 319-21 (denying stay and affirming dismissal without reaching merits); Brown, 457 F.3d at 390-91 (same); Wilson, 179 Fed.Appx. at 228-29 (denying stay without reaching merits); *379 Kincy, 173 Fed.Appx. at 342 (denying stay and affirming dismissal “regardless whether [the inmate] now states a claim”); Hughes, 170 Fed.Appx. at 879 (same “[w]hether or not [the inmate] properly states a claim”); Smith, 440 F.3d at 263 (same); Neville, 440 F.3d at 222-23 (affirming dismissal without reaching merits); Harris, 376 F.3d at 417 (“We do not decide whether [the inmate] properly states a claim....”). The truth is that, at least pre-Baze, in the context of such last-minute proceedings we usually lacked the time to give the method-of-execution claim the necessary consideration. The majority cites a case in which the Seventh Circuit, in the context of the irreparable harm inquiry, seemed to conclude that the inmate had shown only a “mere possibility” of unnecessary pain, see Lambert v. Buss, 498 F.3d 446, 452 (7th Cir.2007), but there the district court had held an evidentiary hearing and made findings concerning the adequacy of the relevant lethal injection protocol (and the Seventh Circuit in fact adopted the decision of the district court as its own). Here, where this factual question received no such thorough treatment in the district court and is unrelated to the merits of this appeal, we should abstain from reaching the issue under the rubric of irreparable harm.
I do agree with the majority that it is unwise to decide, in the context of this stay application, whether § 1983 method-of-execution challenges are subject to a statute of limitations. As the State admits in its briefing, this question is res nova in this circuit, and there simply isn’t enough time to do a responsible job on the issue. Furthermore, to the extent that the Supreme Court has discussed the measures available to federal courts to protect the states against dilatory or speculative § 1983 method-of-execution challenges that threaten to disrupt the states’ legitimate interest in carrying out executions, it has spoken purely in terms of the requirements for equitable relief. See Hill, 547 U.S. at 583-85, 126 S.Ct. 2096; Nelson, 541 U.S. at 649-50, 124 S.Ct. 2117; Gomez v. U.S. Dist. Court for the N. Dist. of Cal., 503 U.S. 653, 653-54, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992). The question whether a statute of limitations should apply to a claim such as this one, where the plaintiff seeks purely injunctive relief against an injury that, although certainly foreseeable, has not yet occurred, is a difficult one that deserves our full and deliberate consideration. Regardless of the fact that it may be framed as a § 1983 action, Bishop’s claim seeks an equitable remedy, see Gomez, 503 U.S. at 653-54, 112 S.Ct. 1652, and the Court has made clear that “[t]raditionally and for good reasons, statutes of limitation are not controlling measures of equitable relief[,]” Holmberg v. Armbrecht, 327 U.S. 392, 396, 66 S.Ct. 582, 90 L.Ed. 743 (1946). Rather than belabor the point, though, I am content to refer the reader to Judge Myron Thompson’s thoughtful discussion of this subject, published at Jones v. Allen, 483 F.Supp.2d 1142 (M.D.Ala. 2007).
Finally, the district court understandably decided this case on the threshold question of the applicability of a statute of limitations. But in so doing, the court was forced to decide a difficult question of first impression in this circuit and (as best I can tell) in the Supreme Court. Ironically, the case might well have been decided far more easily on the merits of the protocol with the guidance of Baze.
In summary, as the Court has made clear, the decision whether to grant a stay is an equitable one. Because of the State’s six-month delay in the district court, Bishop now requires a stay to pursue his claim on appeal. Had it not been for the State’s delay, Bishop could have brought his appeal “at such a time as to allow consider *380 ation of the merits without requiring entry of a stay.” Hill, 547 U.S. at 584, 126 S.Ct. 2096 (internal quotation marks and citation omitted). I would grant a stay.