# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20750

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2015

Lyle W. Cayce
Clerk

THOMAS WHITAKER; PERRY WILLIAMS,

      Plaintiffs - Appellants

v.

BRAD LIVINGSTON, Executive Director of the Texas Department of Criminal Justice; WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division; JAMES JONES; UNKNOWN EXECUTIONERS,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2901

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

    Death-row inmates Thomas Whitaker and Perry Williams appeal the district court's Fed. R. Civ. P. 12(b)(1) dismissal of their civil action under 42 U.S.C. § 1983 asserting violations of their rights to due process, access to courts, and to be free from cruel and unusual punishment. Because we

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20750

conclude that the district court clearly erred in dismissing the claims on the basis that they are not yet ripe, we VACATE the order of the district court and REMAND this matter as set out herein.

## FACTS AND PROCEDURAL HISTORY

At the end of September 2013, the Texas Department of Criminal Justice's (TDCJ) supply of Nembutal, the brand name of pentobarbital prescribed by the current execution protocol, expired. The petitioners had information indicating that TDCJ had obtained a supply of propofol, midazolam and hydromorphone, but they lacked information regarding the drugs that TDCJ planned to use in upcoming executions.

As a result of this lack of information, death-row inmates Thomas Whitaker, Perry Williams and Michael Yowell filed an original complaint under 42 U.S.C. § 1983 on October 1, 2013, asserting violations of their rights to due process, to access courts, and to be free from cruel and unusual punishment against various representatives of the TDCJ (hereinafter collectively referred to as the "State"). Based upon new information that Yowell's imminent execution would be carried out with newly-purchased compounded pentobarbital, the plaintiffs sought a temporary injunction. The district court denied relief and this court affirmed. Yowell was executed, and the district court dismissed him from the case.

Whitaker and Williams then amended their complaint. The State filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and the district court granted it. Thereafter, Whitaker and Williams (hereinafter collectively referred to in the singular as "Whitaker") filed this appeal.

## DISCUSSION

This court reviews a district court's ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction de novo. *Raj v. La. State Univ.*,

No. 13-20750

714 F.3d 322, 327 (5th Cir. 2013).  The plaintiff bears the burden of proof that jurisdiction exists.  *Id.*[1]

Whitaker asserts that the district court's order is in direct conflict with precedent of this court and that it violates due process and access to the courts.

By order dated December 4, 2013, the district court said the claims were being dismissed "[b]ecause Thomas Whitaker and Perry Williams do not know the means that Texas will select for their execution, their claim of an injury from that unknown means is hypothetical.  Courts do not address issues that are not yet ripe."

Whitaker asserts that the district court's ruling is in direct conflict with numerous decisions of this court.  He is correct.

This court has repeatedly and consistently maintained that inmates such as Whitaker are not entitled to equitable, eleventh-hour injunctive relief based on claims under § 1983.  As this court has explained:  "Method of execution cases may be brought in a § 1983 suit instead of a habeas petition, but the § 1983 claim should not unduly threaten the State's ability to carry out the scheduled execution."  *White v. Johnson*, 429 F.3d 572, 573 (5th Cir. 2005) (internal marks omitted).  In *White*, this court refused to decide whether White properly stated a claim under § 1983 because he was not entitled to equitable relief "due to his dilatory filing."  *White*, 429 F.3d at 574.  The court also said:

> The State concedes that when Harris's conviction became final on direct review, his challenge to the State's method of execution, in the absence of dramatic changes to the State's protocol, would have been appropriately filed at any time thereafter and need not await an imminent execution date.  We agree.

---

[1] The State's assertion that Whitaker sought only injunctive relief and, thus, that this court reviews only for an abuse of discretion, is erroneous.  Whitaker has not sought only injunctive relief. Further, even if Whitaker had sought only injunctive relief, we would conclude that the district court abused its discretion.

*Id.* (Internal citation omitted).  The court then affirmed the district court's dismissal.  *See also Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006) ("A challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review.")[2] ; and *Kincy v. Livingston*, 173 F. App'x 341, 343 (5th Cir. 2006) ("[D]istrict court correctly applied our precedent" in dismissing complaint with prejudice because of delay in filing.).

These cases were controlled by this court's holding in *Harris v. Johnson*, 376 F.3d 414 (5th Cir. 2004).  In *Harris*, this court specifically concluded that waiting until the execution date was set would be too late, saying:

> By waiting until the execution date was set, Harris left the state with a Hobbesian choice: It could either accede to Harris's demands and execute him in the manner he deems most acceptable, even if the state's methods are not violative of the Eighth Amendment; or it could defend the validity of its methods on the merits, requiring a stay of execution until the matter could be resolved at trial.

*Harris*, 376 F.3d at 417.  The court then vacated the temporary restraining order granted by the district court and dismissed Harris' complaint.

In this matter, during a status conference on October 17, 2013, the district court inquired, "We still have no death warrant?"  The district court later conveyed his certainty that the parties have no idea what the State of Texas will do and indicated that the claims will not be ripe until the death warrant is signed, i.e., the execution date is set.

The district court's statement that "Thomas Whitaker and Perry Williams do not know the means that Texas will select for their execution" is

---

[2] Thomas Whitaker's conviction was final in 2009.  *Whitaker v. State,* 286 S.W.3d 355 (Tex. Crim. App. 2009).  Perry Williams' conviction was final in 2008.  *Williams v. State*, 273 S.W.3d 200 (Tex. Crim. App. 2008).

not a basis for determining that these claims are not ripe. Instead, that statement establishes the lack of information which is part of the very basis for the suit. Further, Texas' current protocol uses the compounded pentobarbital from a specific source. So, unless Texas provides a different protocol – at which time a new claim could appropriately be filed - the current protocol is presumably "the means that Texas will select for their execution."

If Whitaker were to wait until an execution date was set to file this action, he would be unable to stay the execution under this court's clearly established precedent to pursue these claims. This court has clearly held that waiting until an execution date is set or until some point closer to execution would "serve no purpose but to further delay justice." *Harris*, 376 F.3d at 419. Based on our case law, Whitaker must be allowed to proceed now. Thus, the district court clearly erred in dismissing the claims on the basis that they are not yet ripe.

Further, the premature dismissal makes it improper to consider Whitaker's other claims at this point. Though the district court and this court found that Whitaker was not likely to succeed in denying the temporary restraining order and this court has not looked favorably on similar claims,[3] Whitaker's claims have not been fully developed. Accordingly, we VACATE the order of the district court and REMAND this matter so that Whitaker is able to fully develop the claims based on the existing protocol for an appropriate trial on the merits.

---

[3] *Sepulvado v. Jindal*, 729 F.3d 413 (5th Cir. 2013); *Sells v. Livingston*, 750 F.3d 478 (5th Cir. 2014); *Trottie v. Livingston*, 766 F.3d 450, 452 (5th Cir. 2014).