United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 8, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

————————————————

No. 06-70005

————————————————

ROBERT JAMES NEVILLE,

Plaintiff-Appellant,

versus

GARY JOHNSON, etc., et al,

Defendants-Appellees.

————————————————————————————

Appeal from the United States District Court
For the Northern District of Texas

————————————————————————————

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:

Robert James Neville appeals the dismissal of his action seeking injunctive relief and a stay of execution under 42 U.S.C. § 1983. He alleged that a particular lethal injection protocol as well as related procedures violate the Eighth and Fourteenth Amendments of the Constitution. The district court dismissed Neville's action because he was dilatory in filing his action for equitable relief. We AFFIRM.

A challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review. *White v. Johnson*, 429 F.3d 572, 574 (2005). Neville's death penalty conviction was affirmed by the Texas Court of Criminal Appeals in 1999. Neville then waited until

two days before his scheduled execution to file a method of execution challenge with the district court. He, therefore, "'delayed unnecessarily in bringing his claim.'" *Harris v. Johnson*, 376 F.3d 414, 416 (5th Cir. 2004) (quoting *Nelson v. Campbell*, 541 U.S. 637, 650 (2004)).

A cognizable § 1983 claim ""'does not warrant the entry of a stay as a matter of right.'"" *See White*, 429 F.3d at 573 (quoting *Nelson*, 541 U.S. at 649). Rather, this "court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Id*. In addition, the court may consider the last-minute nature of all types of equitable requests, including permanent injunctions. *See id*. at 574. This court "'must take into consideration the State's strong interest in proceeding with its judgment and . . . attempts at manipulation.'" *Id*. (quoting *Nelson*, 541 U.S. at 649) (alteration in original).

Neville offers no excuse for delaying his claim until the last minute, and, therefore, we find it improper to grant the equitable relief he seeks. Although the Supreme Court has granted a writ of certiorari in *Hill v. Crosby*, 05-8794, – S. Ct. –, 2006 WL 171583 (Jan. 25, 2006), "our precedent . . . remains binding until the Supreme Court provides contrary guidance." *In re: Elizalde*, No. 06-70002 (5th Cir. Jan. 31, 2006) (citations omitted). Therefore, we AFFIRM the district court's dismissal of Neville's claims.