United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

06-70007
_____

CLYDE SMITH, JR.,

Plaintiff-Appellant,

v.

GARY L JOHNSON, EXECUTIVE DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONS DIVISION;
CHARLES O'REILLY, Senior Warden,
Huntsville Unit;
UNKNOWN EXECUTIONERS,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston Division

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

The plaintiff-appellant, Clyde Smith, Jr. (Smith), is
scheduled to be executed on February 15, 2006. Smith appeals the
district court's dismissal of his suit seeking injunctive relief
pursuant to 42 U.S.C. § 1983. He alleged that the particular
method of execution used by Texas, lethal injection, causes

excruciating pain during an execution in violation of the Eighth Amendment. The district court dismissed the complaint with prejudice, concluding that Smith had failed to provide a reasonable justification for his delay in bringing the Eighth Amendment challenge to method of execution. The district court expressly recognized that it did not have to determine whether the Eighth Amendment claim is cognizable under § 1983 because Fifth Circuit precedent holds that Smith is not entitled to equitable relief due to his dilatory filing.

The district court correctly applied our precedent. This Court has held that "[a] challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review." *Neville v. Johnson,* __ F.3d __, 2006 WL 291292 (5th Cir. Feb. 8, 2006) (citing *White v. Johnson,* 429 F.3d 572, 574 (5th Cir. 2005)). Further, we have made clear that waiting to file such a challenge just days before a scheduled execution constitutes unnecessary delay. *Harris v. Johnson,* 376 F.3d 414, 417-19 (5th Cir. 2004). Although Smith's direct appeal has been final for more than nine years,[1] he did not file the instant complaint until five days before his scheduled execution. Smith "cannot excuse his delaying until the eleventh hour on the ground that he was unaware of the state's intention to execute him by injecting the three chemicals he now challenges." *Harris,* 376 F.3d

---

[1] *Smith v. State,* No. 71,800 (April 3, 1996) (unpublished).

2

at 417.  Whether or not Smith properly states a claim under § 1983, he is not entitled to the relief he seeks due to his dilatory filing.  Smith has been on death row for more than nine years but decided to wait to challenge a procedure for lethal injection that has been used by the State during his entire stay on death row. *See White,* 429 F.3d at 574 (reaching the same conclusion when petitioner filed after six years); *see also Harris,* 376 F.3d at 417.  Nonetheless, Smith contends that he has not delayed in bringing suit because his execution was not scheduled until September 9, 2005.  Smith concedes that our very recent ruling in *Neville,* 2006 WL 291292, is "adverse" to his claim.  Smith offers no other reason for the delay.  *Neville* controls and requires us to affirm the district court's dismissal of this claim.

Smith also asks this Court to stay the execution pending the Supreme Court's decision in *Hill v. Crosby*, 05-8794, 2006 WL 171583 (Jan. 25, 2006) (granting certiorari), a case also involving a challenge to the method of execution.  In *Neville,* we declined such an invitation, explaining that Fifth Circuit precedent "remains binding until the Supreme Court provides contrary guidance."  2006 WL 291292 at *1 (citation omitted).  Moreover, the questions presented to the Supreme Court concern whether an Eighth Amendment claim is cognizable under § 1983 or should be construed as a habeas corpus petition under 28 U.S.C. § 2254.  Our precedent has not reached these questions; instead, we have denied equitable relief

3

based on the dilatoriness of the filing.

Accordingly, for the above reasons, we AFFIRM the district court's dismissal of Smith's complaint and DENY the motion for stay of execution.