Tommie Collins HUGHES, Petitioner–Appellant,

v.

Gary JOHNSON, Executive Director, Texas Department of Criminal Justice; Doug Dretke, Director, Texas Department Of Criminal Justice, Correction Institutions Division; Charles O'Reilly, Senior Warden, Huntsville Unit Huntsville, Texas; and Unknown Executioners, Defendants–Appellees.

No. 06–70010.

United States Court of Appeals, Fifth Circuit.

Decided March 14, 2006.

---

Federal Public Defender's Office, Northern District of Texas, Fort Worth, TX, for Petitioner–Appellant.

Thomas M. Jones, Office of the Attorney General, Postconviction Litigation Div., Austin, TX, for Defendants–Appellees.

Before JONES, Chief Judge, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM: *

The plaintiff-appellant Tommie Collins Hughes ("Hughes") is scheduled to be executed on March 15, 2006. Hughes appeals the district court's dismissal of his suit seeking injunctive relief pursuant to 42 U.S.C. section 1983. He alleged that the particular method of execution used by Texas, lethal injection, may cause excruciating pain in violation of the Eighth Amendment. The district court, citing Fifth Circuit precedent, dismissed the complaint with prejudice, concluding that Hughes unnecessarily delayed in bringing his Eighth Amendment challenge to the method of execution. The district court

expressly recognized that it did not have to determine whether the Eighth Amendment claim is cognizable under section 1983 because Fifth Circuit precedent holds that Hughes is not entitled to equitable relief due to his dilatory filing. Before this Court, Hughes requests a stay of execution. Because we agree with the district court's analysis, we affirm.

The district court correctly applied our precedent. This Court has held that "[a] challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review." *Neville v. Johnson,* 440 F.3d 221 (5th Cir. 2006) (citing *White v. Johnson,* 429 F.3d 572, 574 (5th Cir.2005)), *cert. denied, Neville v. Livingston,* —— U.S. ——, 126 S.Ct. 1192, 163 L.Ed.2d 1146 (2006). Furthermore, we have made clear that waiting to file such a challenge shortly before a scheduled execution constitutes unnecessary delay. *Harris v. Johnson,* 376 F.3d 414, 417–19 (5th Cir.2004), *cert. denied, Harris v. Dretke,* 542 U.S. 953, 124 S.Ct. 2933, 159 L.Ed.2d 836 (2004). Although Hughes's direct appeal has been final for almost six years,[1] he did not file the instant complaint until 14 days before his scheduled execution. Hughes had almost six years to file his suit, to seek discovery, and to litigate his request for relief under section 1983. Hughes "cannot excuse his delaying until the eleventh hour on the ground that he was unaware of the state's intention to execute him by injecting the three chemicals he now challenges." *Harris,* 376 F.3d at 417.

Whether or not he properly states a claim under section 1983, Hughes is not entitled to the relief he seeks due to his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *Hughes v. State,* 24 S.W.3d 833 (Tex.Crim. App.2000), *cert. denied, Hughes v. Texas,* 531 U.S. 980, 121 S.Ct. 430, 148 L.Ed.2d 438 (2000).

dilatory filing. He has been on death row for more than seven years but waited to challenge a procedure for lethal injection that has been used by the Defendants during his entire stay on death row. *See White*, 429 F.3d at 574 (reaching the same conclusion when petitioner filed after six years); *see also Harris*, 376 F.3d at 417. Nonetheless, Hughes contends that he has not delayed in bringing suit because his execution was not scheduled until December of 2005. We reject this argument. This Court, in *Harris*, explicitly stated that a challenge should be brought when the conviction and sentence are affirmed on direct review and not when the execution is "an imminent or impending danger." *Harris*, 376 F.3d at 418; *see also Neville*, 440 F.3d at 222 (finding that a method-of-execution challenge may be filed after the plaintiff's conviction has become final on direct review). Hughes's death penalty conviction was affirmed in 2000. Waiting until two weeks before his scheduled execution date constitutes unnecessary delay. *See Harris*, 376 F.3d at 416. *Harris* and *Neville* control and require us to affirm the district court's dismissal of this claim.

The district court properly considered Hughes's attempts to distinguish his case from prior cases, such as *Neville*, *Smith v. Johnson*, 440 F.3d 262 (5th Cir.2006), and *White*, and found them unavailing. We agree. This case falls squarely within the holdings of *Neville*, *Smith*, and *White*. Thus, our precedent applies to Hughes's case, and this Court must deny his request to stay.

Hughes also contends that his execution should be stayed pending the Supreme Court's decision in *Hill v. Crosby*, a case also involving a challenge to the method of execution. —— U.S. ——, 126 S.Ct. 1189, 163 L.Ed.2d 1144 (2006) (granting certiorari). In *Neville*, we declined such an invitation, explaining that Fifth Circuit precedent "remains binding until the Supreme Court provides contrary guidance." 440 F.3d 221, 223. Moreover, the Supreme Court has denied certiorari in recent challenges to Texas's lethal-injection protocol. *See, e.g., Smith*, 440 F.3d 262 (2006).

Accordingly, based on the foregoing reasons, we AFFIRM the district court's dismissal of Hughes's complaint and DENY Hughes's motion for a stay of execution.