[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15478

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00401-CV-WS-C

PHILLIP D. HALLFORD,

Plaintiff-Appellant,

versus

RICHARD ALLEN,
GRANTT CULLIVER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 30, 2009)

Before EDMONDSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

This case is a method-of-execution challenge. The appeal is one in which a

person -- sentenced to death in 1987 and subject to execution, under Alabama law,

by lethal injection since July 2002 -- questions the dismissal of a section 1983

complaint seeking to enjoin application of the lethal injection protocols. The section 1983 action was filed on 1 June 2007. By that time, we had -- about ten months earlier -- affirmed the denial of all habeas relief, although a related petition for certiorari was still pending in the Supreme Court. Hallford v. Culliver, 459 F.3d 1193 (Aug. 11, 2006 11th Cir. 2006), cert. denied, 128 S. Ct. 40 (Oct. 1, 2007).

While no execution date had been set, the district court, relying on laches, dismissed the section 1983 complaint on the grounds that it had been filed too late. The district court correctly looked to these decisions for instruction: Grayson v. Allen, 491 F.3d 1318 (11th Cir. 2007) (dismissal on laches); Williams v. Allen, 496 F.3d 1210 (11th Cir. 2007) (dismissal on laches); Jones v. Allen, 485 F.3d 635 (11th Cir. 2007) (denying a stay).

The district court found that the filing of section 1983 complaint was unreasonably delayed, where plaintiff "waited to bring this action until 20 years after his conviction and death sentence were handed down, 18 years after the conclusion of his direct appeal, nearly five years after the State of Alabama adopted lethal injection as its primary method of execution, two and a half years after the U.S. District Court for the Middle District of Alabama denied his federal habeas petition, seven months after the denial of his request for rehearing *en banc*

2

before the Eleventh Circuit on his §§ 2254 action, and 11 days after the completion of briefing on his petition for writ of *certiorari* to the United States Supreme Court on his §§ 2254 petition."

Given Alabama's past practices, the district court found that plaintiff knew, or should have known, when the suit was filed, that an execution date would likely be set and come before the case could be litigated fully, unless a stay of execution was granted or the litigation was expedited, that is, sped up in an uncommon way. Either a stay of execution or an expedited litigation schedule would burden the state or interfere with the timely carrying out of the sentence (or both). Because the action could have been filed substantially earlier, the district court -- especially since there was no explanation for the seven-month delay from the denial of en banc rehearing in our Court -- found that such burden or interference would be required only because of Plaintiff's unnecessary and deliberate delay in filing the section 1983 action. Because of delay, the action was dismissed. This decision was not an abuse of discretion. We affirm for the reasons set out here and in the district court's order.

We reject the contention that suit was filed as soon as it was obviously ripe. We need not define with precision when this controversy would have first become ripe. But we are satisfied that it became clearly ripe (if not years before) when our

3

Court's panel affirmed the denial of section 2254 relief. A reasonably prudent person should have plainly seen by then that the prospect of execution, in reality, was looming over plaintiff. And as the district court found, no decision binding in this Circuit had held something about ripeness that would fully justify this delay in the context of a death penalty litigation.[*] In a case with this much delay, we also reject the contention that more prejudice needs to be shown than either the realistic serious threat of a need for a stay of execution or the need for an expedited litigation schedule to complete the litigation on the merits.

AFFIRMED.

---

[*] By the way, we note that in Cooey v. Strickland, 479 F.3d 412 (6th Cir. 2007), the Sixth Circuit decided in March 2007 that these kinds of cases generally become ripe upon conclusion of the direct review of the death sentence. Of course, Cooey is not binding in the Eleventh Circuit, but for at least 3 months before this 1983 action was filed, published and respectable authority existed that indicated plaintiff's method-of-execution claim had been ripe for a long time. See also Neville v. Johnson, 440 F.3d 221 (5th Cir. 2006) (challenge to method of execution may be filed any time after the plaintiff's conviction is final on direct appeal). McNair v. Allen, 515 F.3d 1168 (11th Cir. 2008), suggests that the controversy in this case became ripe in 2002. About the plaintiff's concern of somehow filing too early and then the pertinent execution protocols changing, we point out the availability of supplemental pleadings or even another section 1983 action if the changes are truly important ones. The risk of undue delay is carried by the plaintiff in these injunction cases.