**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
JAMES ROANE, JR., et al.,     )
                              )
        Plaintiffs,           )
                              )
        v.                    )     Civil Action No. 05-2337 (RWR)
                              )
ALBERTO GONZALES, et al.,     )
                              )
        Defendants.           )
                              )
_____)
```

## MEMORANDUM OPINION

Jeffrey Paul, an inmate on death row facing execution by the federal lethal injection protocol, has moved for leave to intervene under Federal Rule of Civil Procedure 24 and for a preliminary injunction barring both the scheduling of his execution and his execution, challenging the federal lethal injection protocol under the Fifth and Eighth Amendments and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq. The plaintiffs do not oppose intervention, but the defendants oppose both motions. Because Paul has failed to demonstrate that an impaired interest would stem from being denied intervention rather than from his own failure to timely protect his interest, or that his interests which are virtually indistinguishable from those of the current plaintiffs would be inadequately represented, his motion will be denied.

BACKGROUND

The plaintiffs in this case were each sentenced to death on one or more of the capital murder charges of which they were convicted. Roane v. Holder, 607 F. Supp. 2d 216, 219 (D.D.C. 2009). The original complaint, alleging constitutional and statutory violations caused by the federal government's intended use of a lethal injection protocol that allegedly exposes inmates to a substantial risk of severe pain, was filed on December 6, 2005. (See Compl. at 3.) On February 2, 2006, Plaintiffs James Roane, Richard Tipton and Cory Johnson moved, in part, for a preliminary injunction barring their execution. (See Pls.' Mot. for a Stay, and for a Prelim. Inj. Barring Their Execution at 1.) The defendants did not oppose the entry of a preliminary injunction with respect to Roane, Tipton and Johnson, and the plaintiffs' motion was granted. See Roane v. Gonzales, Civil Action No. 05-2337 (RWR), 2006 U.S. Dist. LEXIS 31781, at *1-2 (D.D.C. Feb. 27, 2006). Plaintiff Bruce Webster moved unopposed to intervene in January 2007 and for a preliminary injunction in February 2007. (See Webster's Unopposed Mot. to Intervene as Pl. at 1; Webster's Unopposed Mot. for a Prel. Inj. Barring His Execution at 1.) Both motions were granted as unopposed. Two additional plaintiffs, Anthony Battle and Orlando Hall, moved unopposed to intervene in April 2007 and for a preliminary injunction barring the defendants from setting an execution date

in their case.  (See Unopposed Mot. of Pl. Anthony Battle for Prelim. Inj.; Pl.'s Hall's Unopposed Mot. for a Prelim. Inj. at 1.)  Those motions were granted as unopposed.  On October 6, 2009, Jeffrey Paul moved to intervene and for a preliminary injunction, which the defendants have opposed.

DISCUSSION

## I.    INTERVENTION AS OF RIGHT

Under Rule 24(a), intervention as a matter of right is granted when the movant

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  The four prerequisites to intervention as of right are: "'(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests.'" Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting SEC v. Prudential Sec. Inc., 136 F.3d 153, 156 (D.C. Cir. 1998)).[1]  For

---

[1] Also, "'because a Rule 24 intervenor seeks to participate on an equal footing with the original parties to the suit,'" the applicant must establish that he has standing to participate in the action.  Fund for Animals, Inc. v. Norton, 322 F.3d 728, 732 (D.C. Cir. 2003) (quoting City of Cleveland, Ohio v. Nuclear Regulatory Comm'n, 17 F.3d 1515, 1517 (D.C. Cir. 1994)).  The

reasons that do not appear in the record, the defendants address solely the third factor.  Since all three interest factors and the timeliness factor are interrelated, all will be considered here.

Requiring the presence of a legally protected interest serves "primarily [as] a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."  Glamis Imperial Corp. v. U.S. Dep't. of the Interior, Civil Action No. 01-530 (RMU), 2001 WL 1704305, at *3 (D.D.C. Nov. 13, 2001) (internal quotation marks omitted); see also S. Utah Wilderness Alliance v. Norton, Civil Action No. 01-2518 (CKK), 2002 WL 32617198, at *5 (D.D.C. June 28, 2002) (applying a "liberal approach" to the Rule 24(a) analysis).  It refers "not to any interest the applicant can put forward, but only to a legally protectable one."  City of Cleveland, Ohio v. Nuclear Regulatory Comm'n, 17 F.3d 1515, 1517 (D.C. Cir. 1994) (emphasis in original).

Paul's asserted interest in the subject matter of the case is identical to that of the existing plaintiffs, namely, avoiding execution by an allegedly flawed lethal injection protocol. (Mem. in Supp. of Pl. Jeffrey Paul's Mot. to Intervene ("Paul's

---

parties do not discuss standing, and Paul's Article III and prudential standing appear not to be in dispute.  See Fund for Animals, 322 F.3d at 732-33 (discussing Article III standing); Colorado Wild Horse and Burro Coalition, Inc. v. Salazar, 639 F. Supp. 2d 87, 92 (D.D.C. 2009) (discussing prudential standing).

Mem.") at 6-7.) Citing the plurality opinion in <u>Baze v. Rees</u>, 553 U.S. 35 (2008), Paul states that avoiding execution by an allegedly flawed lethal injection method is a legally protectable interest because "the Supreme Court [has] held than an inmate alleges a constitutional violation by asserting . . . a 'substantial risk' of 'maladministration' of the government's intended execution procedures, in a manner that results in a substantial danger of inadequate anesthesia." (Paul's Mem. at 7 (citing <u>Baze</u>, 553 U.S. at 41, 48-50, 53).) Paul and the existing plaintiffs assert, in part, that unless the drug is "administered by a qualified individual, the condemned person may . . . [experience] horrific pain[.]" (Compl. ¶ 37.) As Paul has amply demonstrated a clear interest in the outcome of this suit, this factor supports intervention.

However Paul does not find such support in the other three factors. Whether a proposed intervenor is "so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest," Fed. R. Civ. P. 24(a)(2), is determined by "looking to the practical consequences of denying intervention, even where the possibility of future challenge to the regulation remain[s] available." <u>Fund for Animals, Inc. v. Norton</u>, 322 F.3d 728, 735 (D.C. Cir. 2003) (internal quotation marks omitted) (alteration in original). Paul certainly does not refute the possibility of a future

challenge.  He asserts no statute of limitations bar.  (Paul's Reply at 2 n.1.)  Indeed, Paul argues only that if his "motion for intervention is denied, and [he] is forced to bring his own parallel action, he could be negatively impacted by the resolution of the present case."  (Paul's Mem. at 8.)  The defendants counter that Paul "cannot demonstrate that disposition of this suit will impede his ability to protect his interest" because he "could have clearly sought the relief that he is requesting . . . [in] the jurisdiction in which he committed his crime[.]"  (Defs.' Opp'n to Jeffrey Paul's Mots. to Intervene and for a Preliminary Injunction at 4.)

If the plaintiffs were to prevail here, the federal government could be barred from employing the lethal injection protocol to carry out any capital sentences, benefitting Paul. If the defendants were to prevail in this action, no such bar would prevent Paul from being subject to lethal injection under the federal protocol.  Paul's interest, then, may be impaired by an unfavorable outcome of this litigation in the sense that countering such a ruling in a subsequent case could be "difficult and burdensome."  Fund for Animals, 322 F.3d at 735.

It is not, however, denying Paul's motion to intervene that will have impaired Paul from protecting his interest; rather it is Paul's failure to file timely his own method of execution challenge that will have impaired his interest.  Paul's direct

appeal concluded in 2001.  He cites to no factual or legal basis justifying his failure to raise a method of execution challenge then.  Nor does he justify his failure to intervene in this suit at or near its onset.

In ruling on a motion to intervene, "the Court must first determine whether the application to intervene is timely."  Cooey v. Strickland, No. 2:04-cv-1156, 2008 WL 5111190, at *2 (S.D. Ohio Dec. 2, 2008).

> [T]imeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.

United States v. AT&T, 642 F.2d 1285, 1295 (D.C. Cir. 1980) (citing Moten v. Bricklayers, Masons and Plasterers Int'l Union of Am., 543 F.2d 224, 228 (D.C. Cir. 1976)).

Paul argues that his motion to intervene is timely for two central reasons.  First, he states that "this Court has not yet decided the merits of Plaintiffs' claims" and that intervention "will neither alter any of the issues presently before the Court, nor delay the litigation or ultimate disposition of the issues." (Paul's Mem at 4, 5.)  It is possible that such speculation, while risky, could be right.  While the action was filed in December 2005, the existing parties have had several status conferences and have filed numerous motions, including one

dispositive motion that already has been decided, and discovery is well down the road toward completion, it may be that Paul's intervention would not disrupt the current litigation to the detriment of the existing parties. Cf. Cooey, 2008 WL 5111190, at *4 (permitting intervention because the litigation had not reached the discovery stage and the pretrial conference had yet to be held).

Paul also argues that his motion is timely because it did not become ripe "until . . . the day [his] Petition for Writ of Certiorari [to review the denial of his 28 U.S.C. § 2255 petition] was denied." (Paul's Mem. at 5.) He offers, however, no authority whatsoever for that proposition. Paul was sentenced to death in 1997, and he exhausted his direct appeal in 2001. (Id. at 2.) Contrary to Paul's argument, Paul could have been in a position to challenge the method of his execution in 2001, see, e.g., Neville v. Johnson, 440 F.3d 221, 222 (5th Cir. 2006) (per curiam) (noting that a method of execution challenge may be filed after the plaintiff's conviction has become final on direct review), and could have sought intervention in this case well before now. Moore v. Rees, No. 06-CV-22-KKC, 2007 WL 2955947, at *1 (E.D. Ky. Oct. 1, 2007) (noting that it is reasonable for a defendant to seek intervention at the conclusion of his direct appeal). Indeed, in November 2003, there was specific information indicating that the federal government's method of

execution used too little anesthetic, and information regarding the use of the femoral vein access and the employment of persons who are responsible for previous serious errors in federal executions was available in June 2007. (Pls.' Opp'n to Renewed Mot. for J. on the Pleadings at 20.)

Nor is it clear that Paul has carried his minimal burden, see Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972), of showing that if he cannot intervene, his interest will be inadequately represented. An applicant ordinarily should be permitted to intervene as of right "unless it is clear that the party will provide adequate representation for the absentee." 7C Charles Alan Wright et al., Fed. Practice & Proc. § 1909 (3d ed. 2007). "Although there may be a partial congruence of interests, that does not guarantee the adequacy of representation." Fund for Animals, 322 F.3d at 737. In this case, it seems clear that Paul and the plaintiffs have far more than a partial congruence of interest in demonstrating a constitutional infirmity in the lethal injection protocol. The congruence is virtually, if not totally, complete. Because Paul has failed to satisfy his burden of demonstrating his entitlement to intervene as of right, his motion to intervene under Rule 24(a) will be denied.

II.  PERMISSIVE INTERVENTION

In the alternative, Paul moves to intervene under Rule 24(b).  Permissive intervention, under Rule 24(b), "is an inherently discretionary enterprise."  EEOC v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998).  Rule 24(b) provides that:

> [o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . .  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b) (emphasis added); see also EEOC, 146 F.3d at 1046.  In assessing whether an applicant's claim shares with the main action a common question of law or fact, a court examines whether the "'facts necessary to assert [the intervenor's] claim are essential[ly] the same facts as those necessary to establish [an existing party's] claim.'"  Butte County, Cal. v. Hogen, Civil Action No. 08-519 (HHK)(AK), 2008 WL 2410407, at *2 (D.D.C. June 16, 2008) (first and last alteration in original).  Further, while Rule 24(b)'s timeliness analysis largely mirrors that of Rule 24(a), see Cooey, 2008 WL 5111190, at *2; see also Chippewa Cree Tribe of Rocky Boy's Reservation v. United States, 85 Fed. Cl. 646, 660 (Fed. Cl. 2009) (noting that "[b]ecause the court has already decided that Proposed Intervenor's Motion does not meet the timeliness requirement [under Rule 24(a)] . . . , permissive intervention is

inappropriate"), many courts analyze the timeliness factor under Rule 24(b) more strictly than they analyze timeliness under Rule 24(a).  See League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997) ("In the context of permissive intervention . . . , we analyze the timeliness element more strictly than we do with intervention as of right."); Kukui Gardens Corp. v. Holco Capital Group, Inc., 261 F.R.D. 523, 535 (D. Hawaii 2009); In re United Minerals and Grains Corp., 76 B.R. 991, 1000 (E.D. Pa. 1987) ("[T]he requirement of timeliness is somewhat more strictly construed in a 24(b) motion than in a 24(a) motion.").

Here, Paul's claim has common questions of law and fact with the main action because he, like the existing plaintiffs, faces execution under the federal lethal injection protocol and seeks to challenge the protocol on the same bases as those asserted by the existing plaintiffs.  Paul's motion, however, is untimely, as he has waited nearly four years after this action was filed to seek intervention.  Paul's failure to timely file his motion weighs heavily against intervention, and his motion under Rule 24(b) will be denied.

## CONCLUSION

Because Paul has failed to timely file his motion to intervene, and to demonstrate that his interest would be impaired by being denied intervention -- rather than having been impaired

by his own failure to timely protect his interest -- and that he would be inadequately represented by the current plaintiffs, his motion will be denied.[2]  A separate Order accompanies this Memorandum Opinion.

SIGNED this 1st day of July, 2010.


_____/s/_____<br>
RICHARD W. ROBERTS<br>
United States District Judge

---

[2] Because Paul's motion to intervene will be denied, the merits of his request for a preliminary injunction will not be addressed.